JCJH 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-068-CV





IN THE MATTER OF J. C. J. H.,




 




FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY



NO. 145,816-C, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING



 





 This appeal concerns the trial court's commitment of J. C. J. H. ("J. C.") as a
juvenile to the Texas Youth Commission for engaging in delinquent conduct. See Tex. Fam.
Code Ann. §§ 54.03, .04 (West 1986 & Supp. 1994) ("Family Code"). J. C. argues that the trial
court erred during the disposition hearing by considering the financial resources of Bell County
as a factor in its commitment. We will affirm.



DISCUSSION


 The State filed a petition alleging that J. C., then fourteen, engaged in delinquent
conduct by burglarizing three coin-operated machines. J. C. pleaded "true" to these offenses at
the adjudication hearing. A disposition hearing immediately followed to determine if J. C. should
be dismissed, placed on probation, or sent to the Texas Youth Commission. See Family Code
§ 54.04(c),(d). J. C.'s mother and his juvenile probation officer testified at the hearing. In
addition, the trial court admitted into evidence a social history and recommendation report by the
Bell County Juvenile Probation Department. 

 After the disposition hearing, the trial court committed J. C. to the Texas Youth
Commission. Commitment to the Commission requires compliance with Family Code section
54.04(i). Section 54.04(i) requires a determination in the written order that: (1) it is in the
child's best interests to be placed outside the child's home; (2) reasonable efforts were made to
prevent or eliminate the need for the child's removal from the home and to make it possible for
the child to return to the child's home; and (3) the child, in the child's home, cannot be provided
the quality of care and level of support and supervision that the child needs to meet the conditions
of probation. Family Code § 54.04(i). The trial court made these necessary findings in its order.

 J. C. does not challenge these findings in the written order or the sufficiency of the
evidence supporting them. Rather, J. C. complains of an oral statement the trial judge made at
the conclusion of the hearing: "the Court further finds that the quality of care and supervision
required in the Conditions of Probation could not be provided and cannot be secured from
resources available in this community, including that of the home." J. C. argues that this
statement is a finding that Bell County lacked financial resources to continue J. C.'s probation at
Pathways Youth Home where he previously had received treatment. He argues that this oral
statement by the court was based on the probation officer's testimony that Bell County lacked the
funds to place J. C. in a residential center. The trial court's written order makes no finding
concerning Bell County's financial resources. J. C. argues in his first point of error, however,
that the trial court committed fundamental error by considering the county's lack of financial
resources as a factor in commitment.

 We review the trial court's order of disposition under an abuse of discretion
standard. In re L.G., 728 S.W.2d 939, 944 (Tex. App.--Austin 1987, writ ref'd n.r.e.). We are
not permitted to look to any comments that the judge may have made at the conclusion of the
hearing as constituting a finding of fact. See In re W.E.R., 669 S.W.2d 716, 716 (Tex. 1984)
(appellate court could not substitute judge's oral comments for findings of fact and conclusions
of law when none were requested or filed). It is the court's written order that matters, not any
oral qualifications. Jampole v. Touchy, 673 S.W.2d 569, 574 (Tex. 1984), overruled in part on
other grounds, 827 S.W.2d 833, 842 (Tex. 1992); see In re M.H., 662 S.W.2d 764, 767 (Tex.
App.--Corpus Christi 1983, no writ) (appellate court gave no effect to trial court's oral
announcement concerning juvenile's disposition). In short, a trial court's oral assertions are
overridden by the written order or judgment. Ex parte Mathis, 822 S.W.2d 727, 732 (Tex.
App.--Tyler 1991, orig. proceeding).

 In addition, we fail to see how the court's use of the word "resources" in its oral
statement necessarily refers to financial resources. Rather, its statement appears to refer in part
to one of its written findings which provides: "the child, in the child's home, cannot be provided
the quality and care and the level of support and supervision that the child needs to meet the
conditions of probation." This finding is required by section 54.04(i)(3) of the Family Code. In
view of this written finding, the court's oral statement could refer in part to the resources of the
home in providing the necessary quality of care and supervision.

 Because the trial court's oral statement does not constitute a fact finding, nor
necessarily refer to financial resources, there is no basis for J. C.'s argument that the trial court
considered Bell County's lack of financial resources as a factor in its decision. Moreover, J. C.
cites no authority that such a consideration would constitute fundamental error when the written
fact findings meet the requirements of section 54.04(i) of the Family Code and are supported by
the evidence. As part of its finding that reasonable efforts were made to prevent removing J. C.
from his home, the court additionally wrote:



[juvenile] previously placed on a (l) yr. court-ordered probation, but juvenile
continues to violate the law; probation was subsequently modified to include
residential placement but juvenile made little or no progress and continued to be
aggressive in his conduct and to continue to commit new offenses.



This finding essentially summarizes much of the testimony of probation officer, Joey Cummings,
who testified that J. C. had performed poorly on court-ordered probation; this probation was
modified for assault of a teacher and assault with bodily injury. As a result of the modification
hearing, J. C. was sent to Pathways Youth Home, where he made only "minor progress." After
he was discharged from Pathways, he violated probation by burglarizing three coin-operated
machines; these burglaries led to the adjudication of delinquent conduct in this case. 

 Moreover, the social narrative history report admitted into evidence contained
similar evidence. The probation officer recommended commitment to the Texas Youth
Commission in his report. Cummings testified about Dr. Frank Pugliese's psychological
evaluation, also included in the report. In this evaluation, Dr. Pugliese stated that J. C. laughed
about his acting out behavior and noted "his desire to achieve immediate gratification of his selfish
interests and has minimal concern for the negative consequences of his action on others." Dr.
Pugliese noted J. C.'s lack of interest in academic work and his continuing to violate the law. He
concluded that J. C. needed a structured setting in a residential facility or, alternatively, a Texas
Youth Commission facility. We find no fundamental error in the trial court's disposition,
committing J. C. to the Texas Youth Commission. We overrule the first point of error.

 Because the court's oral statement cannot constitute a fact finding and is overridden
by the written order, we do not address J. C.'s second and third points of error that the oral
finding lacked sufficient evidence and violated his equal protection rights. We affirm the trial
court's commitment order. 



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: June 15, 1994

Do Not Publish