Opinion issued July 21, 2004





 





In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-04-00263-CV
____________

IN RE LUCIANO SARABIA, JR. Relator




Original Proceeding on Petition for Writ of Habeas Corpus




MEMORANDUM OPINION ON REHEARINGRelator Luciano Sarabia requests this Court to grant him habeas corpus relief
on one or both of the two following grounds: (1) the trial court failed to comply with
Texas Family Code, section 157.166 by not including in the enforcement order the
provision of the order sought to be enforced that specified the place that the trial
court ordered him to make child support payments, thereby violating his due process
rights and rendering the contempt order void, and (2) the order sought to be enforced
is void because, in it, the trial court did not clearly specify when and for how long it
was ordering relator to make child support payments.
          We deny relief.
Factual Background
A. 1994 Paternity and Child Support Order
          In 1994, the Office of the Attorney General of Texas brought a paternity suit
against relator. On December 16, 1994, in In the Interest of Adrianna Sarabia, a
Minor Child, Cause No. 9406501-F, in the 214th District Court of Nueces County,
Texas, the trial court found relator to be the father of Adrianna Sarabia, born July 17,
1991, and found Elizabeth, the real-party-in-interest, to be her mother. It ordered
relator to pay child support of $280 per month to Elizabeth through the Nueces
County Child Support Office. It also provided that relator’s current or subsequent
employers withold from his disposable earnings money in the amount and at the
frequency that the trial court ordered for the child support payments and as more fully
set out in an “EMPLOYER’S ORDER TO WITHOLD EARNINGS FOR CHILD
SUPPORT” that was to be entered.
B. 1998 Divorce Decree/Adoption of 1994 Child Support Order
          On July 8, 1998, in In the Matter of the Marriage of Elizabeth Sarabia and
Luciano Sarabia, Jr. and In the Interest of Adrianna M. Sarabia, a Child, Cause No.
C97-210C, in the 274th District Court of Comal County, Texas, in its divorce decree,
the trial court found that the Nueces County, December 16, 1994 child support order
was in Adrianna’s best interest and that it remained in effect. Although the court
found that Elizabeth and Adrianna resided in San Antonio, it did not make a new
order regarding where relator should pay the child support.
C. Elizabeth’s 2003 Motion to Enforce ‘94/‘98 Support Order
          On July 18, 2003, in In the Interest of Adrianna M. Sarabia, a Child, Cause
No. 2003-07072, in the 247th District Court of Harris County, Texas, Elizabeth


 filed
her first amended motion to enforce the 1994 child support order as restated in the
1998 divorce decree (“motion to enforce”). In her motion to enforce, Elizabeth
conceded that relator had made certain payments toward his child support obligation. 
In fact, Exhibit E to Elizabeth’s motion showed that, from February 13, 2003 to July
2, 2003, relator made three, wage-witheld payments, totaling $476, to the Texas Child
Support Disbursement Unit.


 
          Elizabeth’s allegations of relator’s violations of the child support order accused
him of not paying the correct amounts at the correct times. Out of 80 alleged
violations, none accused relator of making the payments in the wrong place. Relator
has provided us with no record showing that he was confused about where to make
his child support payments or that he made uncredited child support payments to the
Nueces County Child Support Office. There is nothing in the record to indicate that
relator made his 2003 child support payments to any place other than the San Antonio
Texas Child Support Disbursement Unit. 
D. October 2, 2003 Enforcement Order
          On August 1, 2003, the trial court heard Elizabeth’s motion to enforce the child
support order. As a result, on October 2, 2003, the trial court signed an order holding
relator in contempt ( the “enforcement order”) for five instances of not making his
$280 monthly child support payment (March 1, 2003 through July 1, 2003). Included
in the section entitled “Contempt Findings and Findings on Arrears” was the
statement that relator had “failed to pay child support as ordered to ELIZABETH
WOLMA through the Texas Child Support Disbursement Unit, P.O. Box 659791, San
Antonio, Texas 78265-9791 in the amounts and on the dates shown below: [here
follows a tabular enumeration of five missed payments]. . . .” The trial court
sentenced relator to be committed to the county jail “for a period of 180 days for each
separate violation enumerated above and shall serve said jail sentence on the
weekend.” 
          The trial court suspended the commitment, provided: (1) on the first of each
month, starting October 1, 2003, relator make a $150 payment to Elizabeth through
the San Antonio Texas Child Support Disbursement Unit until the $1,260 child
support arrearage was paid and (2) on the first of each month, starting October 1,
2003, relator make a $175 payment directly to Deborah Thompson, Elizabeth’s
attorney, until the $3,000 attorney’s fees, expenses, and costs were paid. The trial
court set compliance hearing dates for December 11, 2003, March 11, 2004, May 11,
2004, and August 12, 2004. Relator has not provided us with a record of the August
1, 2003 hearing.
E. March 19, 2004 Revocation/Commitment Order
          On March 19, 2004, the trial court found that relator had not made the $175
payments in November and December 2003 and January through March 2004. It
revoked his suspension of commitment and ordered that he be confined for “one-hundred eighty days (180) for each and every one of the violations enumerated above
to be served on weekends and each such sentence to be served concurrently.” We
will refer to this order as the March 19, 2004 revocation order.
F. Relator’s March 25, 2004 Petition for Writ of Habeas Corpus
          On March 25, 2004, relator filed with us the petition for habeas corpus relief
presently under consideration. Initially, we stayed the confinement portion of the
March 19, 2004 revocation order, but then denied habeas corpus relief because relator
had not established that he was subject to restraint under the March 19, 2004
revocation order. We granted relator’s motion for rehearing, however, because, in it;
he provided sufficient evidence of restraint. We reinstituted the confinement stay
pending our consideration on the merits of relator’s petition, to which we now turn.
 
Standard of Review
          A writ of habeas corpus will issue if a contempt order is void because it
deprives the relator of liberty without due process of law, see Ex parte Swate, 922
S.W.2d 122, 124 (Tex. 1996), or because it is beyond the power of the court to issue. 
See Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980); In re Mott, No. 01-04-00128-CV, 2004 Tex. App. LEXIS 4951, at *7-*8 (Tex. App.—Houston [1st Dist.]
May 24, 2004, orig. proceeding). In a proceeding for a writ of habeas corpus, a
relator bears the burden of proof to show that he is held under a void judgment. Ex
parte Linder, 783 S.W.2d 754, 760 (Tex. App.—Dallas 1990, orig. proceeding). 
Relator’s Due Process Rights Not Violated Because Court Complied With
Texas Family Code Section 157.166

          In issue one, relator asserts that he is entitled to habeas corpus relief because
the trial court failed to comply with Texas Family Code section 157.166


 by not
including in its enforcement order the provision of the order sought to be enforced
that specified the place that the trial court ordered him to make child support
payments, thereby violating his due process rights and rendering the contempt order
void.
          The purpose of an enforcement order is to notify the contemner of how he has
violated the provisions for which enforcement is sought. Ex parte Conoly, 732
S.W.2d 695, 697 (Tex. App.—Dallas 1987, orig. proceeding). 
          In this case, the motion for enforcement is clear that Elizabeth sought to have
the child support payment amount and date provisions of the support order enforced
and not its payment place provision. The trial court correspondingly reflected this
in the “Findings” and “Relief Granted” sections of its enforcement order:
Findings
 
The Court finds that on December 16, 1994 Respondent was
ordered to make periodic payments of child support, in an order in
Cause No. 94-6501F, styled “In the Interest of Adrianna Sarabia, a
minor child,” in 214th Judicial District Court of Nueces County, the
Court signed an order, entitled Order in Suit Affecting the Parent-Child
Relationship adopted on December 16, 1994, . . . states in relevant part
as follows:
 
The Court ORDERS Obligor LUCIANO SARABIA,
JR. to pay Obligee ELIZABETH SARABIA regular child
support of $280.00 each MONTH beginning the 1st day of
January, 1995 payable on or before that date and on or
before the same day(s) of each month thereafter while any
child is less than 18 years of age or while any child is fully
enrolled in an accredited school in a program leading
toward a high school diploma, whichever occurs last, or
until every child is otherwise emancipated.
 
The Court further finds that on February 3, 1998 Respondent was
ordered to make periodic payments of child support in an order in Cause
No. C96-210C styled “In the Matter of the Marriage of Elizabeth
Sarabia and Luciano Sarabia, Jr. And In the Interest of Adrianna M.
Sarabia, a child,” in the 274th Judicial District Court of Comal County,
[which] . . . states in relevant part as follows:
 
Child Support
 
The Court, having considered the circumstances of the parents of
the child, finds that the terms previously ordered in Order in Suit
Affecting the Parent-Child Relationship signed and entered on
December 16, 1994, Cause No. 94-6501F; In the Interest of Adriana
[sic] Sarabia A Minor Child; In the 214th Judicial District Court of
Nueces County, Texas are in the best interest of the child and remain in
effect.
 
The Court further finds that Respondent has failed to pay child
support as ordered to ELIZABETH WOLMA through Texas Child
Support Disbursement Unit, P. O. Box 659791, San Antonio, Texas
6826509791 in the amounts and on the dates shown below:



Violation

Date Due

Date Paid

Amount Due

Amount Paid



1.

3/1/03

none paid

$280.00

000.00



2.

4/1/03

none paid

$280.00

000.00



3.

5/1/03

none paid

$280.00

000.00



4.

6/1/03

none paid

$280.00

000.00



5.

7/1/03

7/2/03

$280.00

140.00



. . . . 
Relief Granted
 
IT IS ADJUDGED that Respondent LUCIANO SARABIA, JR.,
is in contempt for each separate violation enumerated above.
 
Criminal Contempt
 
                    IT IS ORDERED that punishment for each separate violation is
assessed confinement in the county jail of HARRIS County, Texas, for
a period of 180 days.
IT IS THEREFORE ORDERED that Respondent is committed
to the county jail of HARRIS County, Texas, for a period of 180 days
for each separate violation enumerated above and shall serve said jail
sentence on the weekends.

(Emphasis added.)

          This language tells relator that the manner of his noncompliance with the child
support order is by not paying the prescribed $280 per month on the first day of the
month from March 1, 2003 through July 1, 2003. Thus, in the enforcement order, the
trial court complied with section 157.166(a)(3). The reference to the San Antonio
Child Support Disbursement Unit is surplusage. The record reflects that relator, when
he chose to do so, knew how to make child support payments so that he properly
received credit for them, raising the reasonable inference that he knew where to make
them. Relator has not provided us with a record showing that he was confused about
where to make his child support payments.
          Regarding relator’s complaint that the enforcement order did not quote or
otherwise reference the portion of the support order that indicates where relator was
to make payments, we note that there is nothing in section 157.166(b) that explicitly
requires this. Further, as we have noted, because Elizabeth was not seeking to
enforce the place-of-payment provision of the support order, there was no need for
the trial court to set it out in the enforcement order. See Ex parte Mathis, 822 S.W.2d
727, 731 (Tex. App.—Tyler 1991, orig. proceeding) (holding that to allow Mathis to
escape consequences of his conscious disregard of his court ordered child support
obligation simply because enforcement order did not recite a place of payment would
be insupportable, “especially since Relator knew and actually had made several
payments through the District Clerk’s office before the location was specified by
order.”).
          We conclude that the trial court complied with section 157.166 and that relator
has not shown a violation of his due process rights. We overrule issue one.



Child Support Order Is Clear Enough To Be Enforced
          In issue two, relator asserts that the child support order is too vague and
ambiguous to be enforced by contempt. Specifically, he asserts that the date for
making payments and the duration of the support obligation is unclear.
A. Date for Making Payments
          In the first part of issue two, relator asserts that the child support order is too
vague and ambiguous to be enforced by contempt because the payment date is
unclear.
          The order in question reads as follows:
The Court ORDERS Obligor LUCIANO SARABIA, JR. to pay obligee
ELIZABETH SARABIA regular child support of $280.00 each Month
beginning the 1st day of January 1995 payable on or before that date and
on or before the same day(s) of each Month thereafter while any child
is fully enrolled in an accredited school in a program leading toward a
high school diploma, whichever occurs last, or until every child is
otherwise emancipated.

          At the very least, the language is clear that relator is to pay $280 per month. 
In the enforcement order, the trial court found that relator had not paid $280 in any
of the five months from March through July. A relator who knows with certainty that
he is required to pay $280 once a month under an order can be punished for contempt
for choosing to ignore the order by paying nothing in four out of five of the months
in question and half of the amount required in the fifth month. See Linder, 783
S.W.2d at 758 (holding, “A relator who knows with certainty that he is required to
pay either $250 a month or $112.50 twice a month under an order can be punished for
contempt for choosing to ignore the order completely.”). Accordingly, we hold that
relator’s argument that he should be released from restraint because the support order
is vague and ambiguous regarding the date to make the support payment is without
merit.
B. Duration of Support Obligation
          In the second part of issue two, relator argues that the support order is unclear
about the duration of his child support obligation, citing the portion of the order that
says that the obligation will continue “while any child is less than 18 years of age or
while any child is fully enrolled in an accredited school in a program leading toward
a high school diploma, whichever occurs last, or until every child is otherwise
emancipated.”
          In his brief, relator concedes that Adrianna is the only child who is the subject
of the support order. Thus, any reference to a child in the support order is to
Adrianna. Relator has produced no record evidence that he was confused about the
application of the age limitation, school enrollment, or any other limitation on his
child support obligation to Adrianna. We hold that relator’s argument that the
duration of his child support obligation is unclear is without merit.
          We overrule issue two.
Conclusion
          We deny habeas corpus relief and remand relator to the custody of the Sheriff
of Harris County to resume his confinement in accordance with the trial court’s
March 19, 2004 revocation order.
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Bland.