Opinion filed June 11, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 11,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00235-CV

                                                     __________

 

                             IN
THE INTEREST OF E.M.C., A CHILD

 



 

                                          On
Appeal from the 90th District Court

 

                                                       Stephens
County, Texas

 

                                                   Trial
Court Cause No. 29,383

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
is an accelerated appeal from the trial court=s
order terminating appellants=
parental rights.  We affirm.

                                                               Background
Facts

Otis
Collins and Sonya Lee Elliott Collins, appellants, are the parents of E.M.C. 
The Department of Family and Protective Services filed an AOriginal Petition for
Protection of a Child, for Conservatorship, and for Termination in Suit
Affecting the Parent‑Child Relationship@
on March 12, 2007.  The Department filed the petition after a fire
occurred on February 19, 2007, at a trailer house occupied at the time by
E.M.C., his paternal grandfather, and a 15-year-old babysitter.  E.M.C.=s grandfather and the
babysitter died in the fire, and E.M.C. suffered severe burns and smoke
inhalation.








The
State Fire Marshall=s
Office determined that the fire started accidentally by a heating lamp placed
in a doghouse located near the front door of the trailer house.  The occupants
of the trailer house were unable to escape the fire because of the manner in
which both doors to the trailer were locked.  The front door of the trailer was
locked with a combination lock from the inside.  The occupants were unable to
escape through the front door because of the lock and the proximity of the door
to the fire=s point of
origin.  The occupants were unable to escape through the back door because it
was locked with a padlock from the outside.

Otis
Collins was E.M.C.=s
father.  E.M.C. was in Otis=s
care at the time of the fire because E.M.C.=s
mother, Sonya Lee Elliott Collins, was incarcerated in Florida.  Otis resided
at the trailer house with E.M.C. and his father, Russell Max Collins.  Otis
told a CPS investigator that he kept the trailer house locked in this manner
because of burglaries.  Donald Turk of the State Fire Marshall=s Office testified that the
manner in which the trailer house was locked created a dangerous situation. 
Based upon the circumstances surrounding the fire, the Department concluded
that Otis=s supervision
of E.M.C. was neglectful.

After
a bench trial, the court entered a written order terminating both Otis=s and Sonya=s parental rights to the
child.  The trial court found by clear and convincing evidence in its written
order that Otis:

(1)
       knowingly placed or knowingly allowed the child to remain in conditions
or surroundings which endanger the physical or emotional well‑being of
the child [Tex. Fam. Code Ann. ' 161.001(1)(D) (Vernon
2008)];

 

(2)
       engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endangers the physical or emotional well‑being
of the child [Tex. Fam. Code Ann.
' 161.001(1)(E)
(Vernon 2008)]; and

 

(3)
       constructively abandoned the child who has been in the permanent or
temporary managing conservatorship of the Department of Family and Protective
Services or an authorized agency for not less than six months and: (1) the
Department or authorized agency has made reasonable efforts to return the child
to the father; (2) the father has not regularly visited or maintained
significant contact with the child; and (3) the father has demonstrated an
inability to provide the child with a safe environment [Tex. Fam. Code Ann. '
161.001(1)(N) (Vernon 2008)].

 

 








The trial court
further found by clear and convincing evidence that Sonya:

(1)        engaged
in conduct or knowingly placed the child with persons who engaged in conduct
which endangers the physical or emotional well‑being of the child [Tex. Fam. Code Ann. ' 161.001(1)(E) (Vernon
2008)]; 

 

(2)        constructively
abandoned the child who has been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services or an
authorized agency for not less than six months and: (1) the Department or
authorized agency has made reasonable efforts to return the child to the
mother; (2) the mother has not regularly visited or maintained significant
contact with the child; and (3) the mother has demonstrated an inability to
provide the child with a safe environment [Tex.
Fam. Code Ann. '
161.001(1)(N) (Vernon 2008)]; and

 

(3)        knowingly
engaged in criminal conduct that has resulted in the mother=s conviction of an offense
and confinement or imprisonment and inability to care for the child for not
less than two years from the date of filing the petition [Tex. Fam. Code Ann. ' 161.001(1)(Q) (Vernon
2008)].

 

                                                                 Issues
on Appeal

Otis
raises five issues on appeal.  In his first issue, he challenges the
sufficiency of the evidence supporting the termination of his parental rights. 
He asserts in his second issue that the trial court erred in allowing the trial
to occur without him being physically present.  In his third and fourth issues,
Otis contends that the trial court erred in admitting into evidence an
audiotape of a telephone call and a police report.  Otis contends in his fifth
issue that the trial court erred in failing to enter requested findings of fact
and conclusions of law.  Sonya raises three issues.  She challenges the
sufficiency of the evidence supporting the termination of her parental rights
in her first issue.  In her second issue, Sonya asserts that the trial court
erred in allowing the trial to occur without her being physically present.  In
her third issue, she contends that the trial court erred in admitting
out-of-state judgments into evidence.

                                                                        Analysis








At
the outset, we must address the Department=s
position that neither Otis nor Sonya filed a statement of points on appeal as
required under the provisions of Tex.
Fam. Code Ann. '
263.405 (Vernon 2008).  The statute requires that a statement of points on
which a party intends to appeal be presented to the trial court within fifteen
days after the signing of a final order terminating parental rights.  Section
263.405(b).  The statute further provides that an appellate court is to
consider only those issues presented to the trial court in a timely filed
statement of points.  Section 263.405(i).

Neither
Otis nor Sonya filed a document entitled Astatement
of points@ within
fifteen days after the trial court signed the final order terminating their
parental rights.  Otis, however, filed a motion for new trial approximately
eleven days after the trial court entered the termination order.  As stated in
the motion, Otis sought a new trial based upon the following grounds: 

A
new trial should be granted to Movant because the evidence is legally and
factually insufficient to support this Court=s
judgment.  Specifically, the evidence is legally and factually insufficient to
support this Court=s
judgment based on the following:  Respondent is incarcerated in a State
facility in Florida and was unable to make a personal appearance.  Appearance
by telephone was not sufficient to allow proper presentation of his case,
position or to allow the Court to properly consider Mr. Collins as a person, as
to his appearance, demeanor and other relevant aspects relevant to such an
important evaluation.  The fact that Mr. Collins was incarcerated in Florida,
and it was impossible for Court[-]appointed counsel to visit in person with Mr.
Collins, the ability to properly prepare for trial and to have the assistance
of Mr. Collins to fully and properly prepare for trial prevented a full
and fair trial.

 

Further,
the evidence as it relates to Mr. Collins amounted to no more than rumor,
speculation and innuendo, and the State clearly failed to meet the burden of
proof by clear and convincing evidence to warrant termination of such a
cherished right.

 

Section
263.405(b-1) of the statute provides that a statement of points may be combined
with a motion for new trial.  Given the fact that Otis filed a motion for new
trial that contained various grounds for overturning the termination order
within fifteen days of the termination order, we conclude that Otis=s motion for new trial
satisfied the requirement for a statement of points.

Having
determined that Otis=s
motion for new trial sets out his statement of points to be  appealed, we may
only consider the complaints presented in the motion as appellate issues.  Otis
presented two points for review in the motion for new trial:  (1) a complaint
about the trial occurring without him being personally present for it and (2) a
general allegation that the evidence was legally and factually insufficient to
support the termination.  We are permitted to consider Otis=s personal appearance
allegation set out in his second appellate issue because he presented this
complaint in the motion for new trial.  








With
respect to Otis=s
first appellate issue that challenges the sufficiency of the evidence
supporting termination, Section 263.405(i) provides that a claim that a
judicial decision is contrary to the evidence or that the evidence is factually
or legally insufficient is not sufficiently specific to preserve an issue for
appeal.  The evidentiary claims in Otis=s
motion for new trial are insufficient under Section 263.405(i) because they are
general in nature.  Accordingly, we are prohibited from considering his first
appellate issue.  See In re K.C.B., 251 S.W.3d 514, 515 (Tex. 2008). 
Moreover, even if we were able to consider Otis=s
evidentiary challenges, there is an additional basis that precludes him from
overturning the termination order on evidentiary grounds.  In his brief, Otis
only alleges that there was insufficient evidence to terminate his parental
rights under subsections (D), (E), and (O) of Section 161.001(1).  As set forth
above, the trial court found in its written order that the termination of Otis=s parental rights was
appropriate under subsections (D), (E), and (N) of Section 161.001(1).[1] 
Thus, Otis has not challenged the sufficiency of the evidence supporting
termination under subsection (N) of Section 161.001(1).  AOnly one predicate finding
under [S]ection 161.001(1) is necessary to support a judgment of termination.@  In re A.V., 113
S.W.3d 355, 362 (Tex. 2003).  Accordingly, the unchallenged finding that Otis
committed acts prohibited by Section 161.001(1)(N) is sufficient to support the
trial court=s
judgment.  See Perez v. Tex. Dep=t
of Protective & Regulatory Servs., 148 S.W.3d 427, 434 (Tex. App.CEl Paso 2004, no pet.); In re L.M.,
104 S.W.3d 642, 647 (Tex. App.CHouston
[1st Dist.] 2003, no pet.).  Otis=s
first issue is overruled.

We
are also not permitted to consider Otis=s
third, fourth, or fifth appellate issues because he did not present these
allegations in his motion for new trial.  Accordingly, Otis=s third, fourth, and fifth
issues are overruled.

 








Sonya
filed a document entitled AJudicial
Acts to be Reviewed@
six days prior to the entry of the written termination order.[2] 
She stated as follows in the document:

COMES
NOW, the Defendant/the Natural Mother, Sonya Lee Elliott Collins, pro se,
hereby designates the following judicial acts to be reviewed:

 

1.         The
State of Texas has failed in its duty to assure the Abest interest@
of the child.

 

2.         The
State of Texas is in error to terminate Natural Mother=s Parental Rights being incarcerated. [sic]

 

3.         The
State of Texas is in error to terminate Natural Mother=s Parental Rights without any formal charges
of neglect or abuse to minor child by the mother.

 

By its express
terms, this document sets out matters occurring in the trial court that Sonya
sought to be reviewed.  We conclude that it satisfies the requirement for a
statement of points on appeal.  The fact that Sonya filed the document prior to
the entry of the written termination order does not make the document
untimely.  Tex. R. App. P. 27.2.

Having
determined that Sonya filed a statement of points to be appealed, we may only
consider the complaints presented in the statement as appellate issues.  Sonya
presented three matters

in her statement
of points:  (1) a challenge to the trial court=s
Abest interest@ of the child finding;
(2) an apparent complaint about the trial occurring without her being
personally present for it; and (3) a complaint that her parental rights cannot
be terminated if formal charges of neglect or abuse have not been filed against
her.  The second complaint set out in Sonya=s
statement of points is consistent with the complaint presented in her second
appellate issue.  Accordingly, we are permitted to consider Sonya=s second issue.








With
respect to Sonya=s
first appellate issue that challenges the sufficiency of the evidence
supporting termination, her statement of points does not contain a sufficiency
complaint.  Accordingly, we are prohibited from considering her first appellate
issue.  Moreover, even if we were able to consider Sonya=s evidentiary challenges, she also does not
challenge one of the termination grounds determined to exist by the trial court
in the written termination order.  Specifically, Sonya has not challenged the
sufficiency of the evidence supporting termination of her parental rights under
subsection (E) of Section 161.001(1).  The unchallenged finding that Sonya
committed acts prohibited by Section 161.001(1)(E) is sufficient to support the
trial court=s judgment
terminating her parental rights.  See In re A.V., 113 S.W.3d at 362. 
Sonya=s first issue is
overruled.

We
are also not permitted to consider Sonya=s
third appellate issue because she did not present this issue in her statement
of points.  Accordingly, Sonya=s
third issue is overruled.

                                                      Personal
Appearance at Trial

Otis
and Sonya assert in their second issues that the trial court erred in
permitting the case to proceed to trial without them being physically present. 
Otis and Sonya were incarcerated in Florida on the day of trial.  In addition
to being represented by appointed counsel at trial, Otis and Sonya participated
in the trial by telephone.  At the beginning of trial, Otis=s trial counsel made the
following motion to the trial court:

Judge,
I=d like to make a
motion on behalf of Mr. Collins that he objects to the matter being heard today
without him being able to be present in person and would ask that the matter be
continued until he could be bench warranted or otherwise allowed to be present
at trial.

 

Sonya=s trial counsel joined in
this request on her behalf.  The trial court overruled their requests.[3]

Sonya testified
at trial by telephone.  Otis declined to offer testimony at trial by invoking
his Fifth Amendment privilege against self-incrimination.

Otis
and Sonya argue on appeal that the case should not have proceeded to trial in
their absence because the case involved the termination of their parental
rights.  They contend that the trial court should have granted their requested
continuance until such time as they could personally appear for trial.  The
denial of a continuance motion is reviewed under an abuse of discretion
standard.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150,
161 (Tex. 2004).  A trial court abuses its discretion when it acts in an
arbitrary or unreasonable manner or acts without reference to any guiding rules
or principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241‑42 (Tex. 1985).








From
a procedural standpoint, Otis and Sonya did not file written motions for
continuance.  An oral motion for continuance does not comply with the
requirements of the applicable rule of civil procedure.  Tex. R. Civ. P. 251; see In re
Estate of Alexander, 250 S.W.3d 461, 463 (Tex. App.C Waco 2008, pet. denied).  If a continuance
motion does not comply with Rule 251, we presume that the trial court did not
abuse its discretion in denying the motion.  250 S.W.3d at 463.

As
incarcerated civil litigants, Otis=s
and Sonya=s request to
be physically present at trial involves many of the same issues that are
involved in the consideration of a request for a bench warrant.[4] 
Litigants cannot be denied access to the courts simply because they are
inmates. In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003). 
However, an inmate does not have an absolute right to appear in person in every
court proceeding.  Id.  The inmate=s
right of access to the courts must be weighed against the protection of our
correctional system=s
integrity.  Id.  Trial courts are required to consider several factors
when deciding whether to grant an inmate=s
request for a bench warrant, including: (1) the cost and inconvenience of
transporting the prisoner to the courtroom; (2) the security risk the prisoner
presents to the court and public; (3) whether the prisoner=s claims are substantial;
(4) whether the matter=s
resolution can reasonably be delayed until the prisoner=s release; (5) whether the prisoner can and
will offer admissible, noncumulative testimony that cannot be effectively
presented by deposition, telephone, or some other means; (6) whether the
prisoner=s presence is
important in judging his demeanor and credibility; (7) whether the trial is to
the court or a jury; and (8) the prisoner=s
probability of success on the merits.  Id. at 165‑66.








A
litigant requesting a bench warrant bears the burden of establishing his right
to relief, and he must provide factual information demonstrating his need to
appear. Id. at 166.  Other than presenting an oral request for the trial
court to continue the trial, Otis and Sonya did not present any evidence that
their participation at trial by telephone would be insufficient for presenting
their defenses to the requested termination.  They also did not present any
information to remove the uncertainties necessarily associated with speculating
when individuals incarcerated in another state might be available for trial. 
In response to their requests, the Department pointed out to the trial court
that the deadline for completing the termination proceeding would soon be
reached.  Tex. Fam. Code Ann. ' 263.401(a), (b) (Vernon
2008).  The trial court did not abuse its discretion in denying their motions
for continuance under these circumstances.  Otis=s
and Sonya=s second
issues are overruled.

                                                               This
Court=s Ruling

The
order of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

June 11, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The discrepancy between the termination grounds
enumerated in Otis=s brief and those set out in the termination order
apparently are the result of an inconsistency between the trial court=s oral pronouncement at the end of the termination
hearing and its subsequent written termination order.  In the event of an
inconsistency of this nature, the written judgment or order controls over a
trial court=s oral pronouncement of judgment.  See, e.g., Ex
parte Mathis, 822 S.W.2d 727, 732 (Tex. App.CTyler
1991, no writ); Gasperson v. Madill Nat=l Bank, 455
S.W.2d 381, 387 (Tex. Civ. App.CFort Worth 1970,
writ ref=d n.r.e.).





[2]Approximately one month elapsed between the trial court=s oral pronouncement of judgment on August 7, 2008, and
the entry of the written termination order on September 8, 2008.





[3]The trial court stated as follows in announcing the
ruling: AWell, I=d prefer that
they be here, but we=re doing the best we can under the circumstances. 
Motions are overruled.@





[4]Otis and Sonya acknowledge that the trial court lacked
authority to issue a bench warrant requiring their attendance at trial because
they were incarcerated in another state.  Had a bench warrant been a viable
option, the trial court=s ruling on the request would also be reviewed for
abuse of discretion.  In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003).