**Opinion filed June 11, 2009**



In The

# Eleventh Court of Appeals

---

### No. 11-08-00235-CV

---

## IN THE INTEREST OF E.M.C., A CHILD

---

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. 29,383**

---

### M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from the trial court's order terminating appellants' parental rights. We affirm.

*Background Facts*

Otis Collins and Sonya Lee Elliott Collins, appellants, are the parents of E.M.C. The Department of Family and Protective Services filed an "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship" on March 12, 2007. The Department filed the petition after a fire occurred on February 19, 2007, at a trailer house occupied at the time by E.M.C., his paternal grandfather, and a 15-year-old babysitter. E.M.C.'s grandfather and the babysitter died in the fire, and E.M.C. suffered severe burns and smoke inhalation.

The State Fire Marshall's Office determined that the fire started accidentally by a heating lamp placed in a doghouse located near the front door of the trailer house. The occupants of the trailer house were unable to escape the fire because of the manner in which both doors to the trailer were locked. The front door of the trailer was locked with a combination lock from the inside. The occupants were unable to escape through the front door because of the lock and the proximity of the door to the fire's point of origin. The occupants were unable to escape through the back door because it was locked with a padlock from the outside.

Otis Collins was E.M.C.'s father. E.M.C. was in Otis's care at the time of the fire because E.M.C.'s mother, Sonya Lee Elliott Collins, was incarcerated in Florida. Otis resided at the trailer house with E.M.C. and his father, Russell Max Collins. Otis told a CPS investigator that he kept the trailer house locked in this manner because of burglaries. Donald Turk of the State Fire Marshall's Office testified that the manner in which the trailer house was locked created a dangerous situation. Based upon the circumstances surrounding the fire, the Department concluded that Otis's supervision of E.M.C. was neglectful.

After a bench trial, the court entered a written order terminating both Otis's and Sonya's parental rights to the child. The trial court found by clear and convincing evidence in its written order that Otis:

(1)     knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child [TEX. FAM. CODE ANN. § 161.001(1)(D) (Vernon 2008)];

(2)     engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child [TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon 2008)]; and

(3)     constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the child to the father; (2) the father has not regularly visited or maintained significant contact with the child; and (3) the father has demonstrated an inability to provide the child with a safe environment [TEX. FAM. CODE ANN. § 161.001(1)(N) (Vernon 2008)].

The trial court further found by clear and convincing evidence that Sonya:

(1)     engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child [TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon 2008)];

(2)     constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the child to the mother; (2) the mother has not regularly visited or maintained significant contact with the child; and (3) the mother has demonstrated an inability to provide the child with a safe environment [TEX. FAM. CODE ANN. § 161.001(1)(N) (Vernon 2008)]; and

(3)     knowingly engaged in criminal conduct that has resulted in the mother's conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition [TEX. FAM. CODE ANN. § 161.001(1)(Q) (Vernon 2008)].

*Issues on Appeal*

Otis raises five issues on appeal. In his first issue, he challenges the sufficiency of the evidence supporting the termination of his parental rights. He asserts in his second issue that the trial court erred in allowing the trial to occur without him being physically present. In his third and fourth issues, Otis contends that the trial court erred in admitting into evidence an audiotape of a telephone call and a police report. Otis contends in his fifth issue that the trial court erred in failing to enter requested findings of fact and conclusions of law. Sonya raises three issues. She challenges the sufficiency of the evidence supporting the termination of her parental rights in her first issue. In her second issue, Sonya asserts that the trial court erred in allowing the trial to occur without her being physically present. In her third issue, she contends that the trial court erred in admitting out-of-state judgments into evidence.

*Analysis*

At the outset, we must address the Department's position that neither Otis nor Sonya filed a statement of points on appeal as required under the provisions of TEX. FAM. CODE ANN. § 263.405 (Vernon 2008). The statute requires that a statement of points on which a party intends to appeal be presented to the trial court within fifteen days after the signing of a final order terminating parental

3

rights.  Section 263.405(b).  The statute further provides that an appellate court is to consider only those issues presented to the trial court in a timely filed statement of points.  Section 263.405(i).

Neither Otis nor Sonya filed a document entitled "statement of points" within fifteen days after the trial court signed the final order terminating their parental rights.  Otis, however, filed a motion for new trial approximately eleven days after the trial court entered the termination order.  As stated in the motion, Otis sought a new trial based upon the following grounds:

> A new trial should be granted to Movant because the evidence is legally and factually insufficient to support this Court's judgment.  Specifically, the evidence is legally and factually insufficient to support this Court's judgment based on the following:  Respondent is incarcerated in a State facility in Florida and was unable to make a personal appearance.  Appearance by telephone was not sufficient to allow proper presentation of his case, position or to allow the Court to properly consider Mr. Collins as a person, as to his appearance, demeanor and other relevant aspects relevant to such an important evaluation.  The fact that Mr. Collins was incarcerated in Florida, and it was impossible for Court[-]appointed counsel to visit in person with Mr. Collins, the ability to properly prepare for trial and to have the assistance of Mr. Collins to fully and properly prepare for trial prevented a full and fair trial.
>
> Further, the evidence as it relates to Mr. Collins amounted to no more than rumor, speculation and innuendo, and the State clearly failed to meet the burden of proof by clear and convincing evidence to warrant termination of such a cherished right.

Section 263.405(b-1) of the statute provides that a statement of points may be combined with a motion for new trial.  Given the fact that Otis filed a motion for new trial that contained various grounds for overturning the termination order within fifteen days of the termination order, we conclude that Otis's motion for new trial satisfied the requirement for a statement of points.

Having determined that Otis's motion for new trial sets out his statement of points to be appealed, we may only consider the complaints presented in the motion as appellate issues.  Otis presented two points for review in the motion for new trial:  (1) a complaint about the trial occurring without him being personally present for it and (2) a general allegation that the evidence was legally and factually insufficient to support the termination.  We are permitted to consider Otis's personal appearance allegation set out in his second appellate issue because he presented this complaint in the motion for new trial.

With respect to Otis's first appellate issue that challenges the sufficiency of the evidence supporting termination, Section 263.405(i) provides that a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal. The evidentiary claims in Otis's motion for new trial are insufficient under Section 263.405(i) because they are general in nature. Accordingly, we are prohibited from considering his first appellate issue. *See In re K.C.B.*, 251 S.W.3d 514, 515 (Tex. 2008). Moreover, even if we were able to consider Otis's evidentiary challenges, there is an additional basis that precludes him from overturning the termination order on evidentiary grounds. In his brief, Otis only alleges that there was insufficient evidence to terminate his parental rights under subsections (D), (E), and (O) of Section 161.001(1). As set forth above, the trial court found in its written order that the termination of Otis's parental rights was appropriate under subsections (D), (E), and (N) of Section 161.001(1).[1] Thus, Otis has not challenged the sufficiency of the evidence supporting termination under subsection (N) of Section 161.001(1). "Only one predicate finding under [S]ection 161.001(1) is necessary to support a judgment of termination." *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Accordingly, the unchallenged finding that Otis committed acts prohibited by Section 161.001(1)(N) is sufficient to support the trial court's judgment. *See Perez v. Tex. Dep't of Protective & Regulatory Servs.*, 148 S.W.3d 427, 434 (Tex. App.—El Paso 2004, no pet.); *In re L.M.*, 104 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Otis's first issue is overruled.

We are also not permitted to consider Otis's third, fourth, or fifth appellate issues because he did not present these allegations in his motion for new trial. Accordingly, Otis's third, fourth, and fifth issues are overruled.

---

[1]The discrepancy between the termination grounds enumerated in Otis's brief and those set out in the termination order apparently are the result of an inconsistency between the trial court's oral pronouncement at the end of the termination hearing and its subsequent written termination order. In the event of an inconsistency of this nature, the written judgment or order controls over a trial court's oral pronouncement of judgment. *See, e.g., Ex parte Mathis*, 822 S.W.2d 727, 732 (Tex. App.—Tyler 1991, no writ); *Gasperson v. Madill Nat'l Bank*, 455 S.W.2d 381, 387 (Tex. Civ. App.—Fort Worth 1970, writ ref'd n.r.e.).

Sonya filed a document entitled "Judicial Acts to be Reviewed" six days prior to the entry of the written termination order.[2] She stated as follows in the document:

> **COMES NOW**, the Defendant/the Natural Mother, Sonya Lee Elliott Collins, pro se, hereby designates the following judicial acts to be reviewed:
>
> 1.    The State of Texas has failed in its duty to assure the "best interest" of the child.
>
> 2.    The State of Texas is in error to terminate Natural Mother's Parental Rights being incarcerated. [sic]
>
> 3.    The State of Texas is in error to terminate Natural Mother's Parental Rights without any formal charges of neglect or abuse to minor child by the mother.

By its express terms, this document sets out matters occurring in the trial court that Sonya sought to be reviewed. We conclude that it satisfies the requirement for a statement of points on appeal. The fact that Sonya filed the document prior to the entry of the written termination order does not make the document untimely. TEX. R. APP. P. 27.2.

Having determined that Sonya filed a statement of points to be appealed, we may only consider the complaints presented in the statement as appellate issues. Sonya presented three matters in her statement of points: (1) a challenge to the trial court's "best interest" of the child finding; (2) an apparent complaint about the trial occurring without her being personally present for it; and (3) a complaint that her parental rights cannot be terminated if formal charges of neglect or abuse have not been filed against her. The second complaint set out in Sonya's statement of points is consistent with the complaint presented in her second appellate issue. Accordingly, we are permitted to consider Sonya's second issue.

With respect to Sonya's first appellate issue that challenges the sufficiency of the evidence supporting termination, her statement of points does not contain a sufficiency complaint. Accordingly, we are prohibited from considering her first appellate issue. Moreover, even if we were able to consider Sonya's evidentiary challenges, she also does not challenge one of the termination

---

[2]Approximately one month elapsed between the trial court's oral pronouncement of judgment on August 7, 2008, and the entry of the written termination order on September 8, 2008.

6

grounds determined to exist by the trial court in the written termination order. Specifically, Sonya has not challenged the sufficiency of the evidence supporting termination of her parental rights under subsection (E) of Section 161.001(1). The unchallenged finding that Sonya committed acts prohibited by Section 161.001(1)(E) is sufficient to support the trial court's judgment terminating her parental rights. *See In re A.V.*, 113 S.W.3d at 362. Sonya's first issue is overruled.

We are also not permitted to consider Sonya's third appellate issue because she did not present this issue in her statement of points. Accordingly, Sonya's third issue is overruled.

*Personal Appearance at Trial*

Otis and Sonya assert in their second issues that the trial court erred in permitting the case to proceed to trial without them being physically present. Otis and Sonya were incarcerated in Florida on the day of trial. In addition to being represented by appointed counsel at trial, Otis and Sonya participated in the trial by telephone. At the beginning of trial, Otis's trial counsel made the following motion to the trial court:

> Judge, I'd like to make a motion on behalf of Mr. Collins that he objects to the matter being heard today without him being able to be present in person and would ask that the matter be continued until he could be bench warranted or otherwise allowed to be present at trial.

Sonya's trial counsel joined in this request on her behalf. The trial court overruled their requests.[3] Sonya testified at trial by telephone. Otis declined to offer testimony at trial by invoking his Fifth Amendment privilege against self-incrimination.

Otis and Sonya argue on appeal that the case should not have proceeded to trial in their absence because the case involved the termination of their parental rights. They contend that the trial court should have granted their requested continuance until such time as they could personally appear for trial. The denial of a continuance motion is reviewed under an abuse of discretion standard. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

---

[3]The trial court stated as follows in announcing the ruling: "Well, I'd prefer that they be here, but we're doing the best we can under the circumstances. Motions are overruled."

From a procedural standpoint, Otis and Sonya did not file written motions for continuance. An oral motion for continuance does not comply with the requirements of the applicable rule of civil procedure. TEX. R. CIV. P. 251; *see In re Estate of Alexander*, 250 S.W.3d 461, 463 (Tex. App.—Waco 2008, pet. denied). If a continuance motion does not comply with Rule 251, we presume that the trial court did not abuse its discretion in denying the motion. 250 S.W.3d at 463.

As incarcerated civil litigants, Otis's and Sonya's request to be physically present at trial involves many of the same issues that are involved in the consideration of a request for a bench warrant.[4] Litigants cannot be denied access to the courts simply because they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). However, an inmate does not have an absolute right to appear in person in every court proceeding. *Id*. The inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *Id*. Trial courts are required to consider several factors when deciding whether to grant an inmate's request for a bench warrant, including: (1) the cost and inconvenience of transporting the prisoner to the courtroom; (2) the security risk the prisoner presents to the court and public; (3) whether the prisoner's claims are substantial; (4) whether the matter's resolution can reasonably be delayed until the prisoner's release; (5) whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; (6) whether the prisoner's presence is important in judging his demeanor and credibility; (7) whether the trial is to the court or a jury; and (8) the prisoner's probability of success on the merits. *Id*. at 165-66.

A litigant requesting a bench warrant bears the burden of establishing his right to relief, and he must provide factual information demonstrating his need to appear. *Id*. at 166. Other than presenting an oral request for the trial court to continue the trial, Otis and Sonya did not present any evidence that their participation at trial by telephone would be insufficient for presenting their defenses to the requested termination. They also did not present any information to remove the uncertainties necessarily associated with speculating when individuals incarcerated in another state might be available for trial. In response to their requests, the Department pointed out to the trial

---

[4]Otis and Sonya acknowledge that the trial court lacked authority to issue a bench warrant requiring their attendance at trial because they were incarcerated in another state. Had a bench warrant been a viable option, the trial court's ruling on the request would also be reviewed for abuse of discretion. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).

8

court that the deadline for completing the termination proceeding would soon be reached. TEX. FAM. CODE ANN. § 263.401(a), (b) (Vernon 2008). The trial court did not abuse its discretion in denying their motions for continuance under these circumstances. Otis's and Sonya's second issues are overruled.

*This Court's Ruling*

The order of the trial court is affirmed.


TERRY McCALL

JUSTICE


June 11, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

9