**James Arnold PRUETT, Appellant,**

v.

**Sally Kay PRUETT, Appellee.**

**No. 12–87–00111–CV.**

Court of Appeals of Texas,
Tyler.

July 11, 1988.

Jon L. Anderson, Lufkin, for appellant.

Larry Jones, Tyler, for appellee.

SUMMERS, Chief Justice.

In this appeal the dispositive issue is whether we have jurisdiction to review the order of the trial court. We find that we have no jurisdiction to review appellant's contempt motion on direct appeal, and that the portion of the court's order directing the payment of child support arrearage is not a final judgment. Accordingly, we dismiss the appeal for want of jurisdiction.

Appellant James Arnold Pruett and appellee Sally Kay Pruett (Porter) were divorced on June 16, 1982, in Dallas County, Texas. Under the divorce decree, appellee was appointed managing conservator of the only child, Amy Renee Pruett. Appellant was made possessory conservator with child visitation rights and was ordered to pay $400 monthly as child support. On June 12, 1986, appellee filed a motion for contempt in the Dallas County district court contending appellant had failed to make $3,200 in child support payments. In the motion appellee also plead for a money judgment in the amount of the arrearage, return of certain items of the child's clothing, and attorney's fees.

On June 24, 1986, appellant filed a motion for contempt in the same cause alleging that appellee had refused him visitation with the child as ordered under the decree. On July 2, 1986, the Dallas court, upon appellee's motion, transferred the cause to the 321st District Court of Smith County. On November 24, 1986, a hearing was held in the Smith County district court on the

two motions for contempt. On March 6, 1987, the court entered an order on the motions for contempt. In that order the court refused to find appellee in contempt and denied appellant any relief. Although refusing to find appellant in contempt, the court ordered that appellant pay to appellee the sum of $2,800 for the arrearage in child support and that appellant return to appellee the items of child's clothing. In addressing appellee's request for attorney's fees, the court's order included the following paragraph:

IT IS ORDERED that no attorney's fees shall be awarded to Movant at this time but that the Court shall hold same under advisement until such time as the hearing on Movant's Motion to Modify is had.

▮ Appellant brings three points of error. In his first point, appellant contends that the trial court erred in denying his motion for contempt. Appellant's third point complains of the court's refusal to hear evidence on attorney's fees requested in his contempt motion. We have no jurisdiction to review by direct appeal that portion of the judgment denying the relief sought by appellant in his contempt motion. *Norman v. Norman,* 692 S.W.2d 655 (Tex. 1985); *Ex parte Cardwell,* 416 S.W.2d 382, 384 (Tex.1967); *Wagner v. Warnasch,* 155 Tex. 335, 295 S.W.2d 890, 893 (1956); *Tims v. Tims,* 204 S.W.2d 995 (Tex.Civ.App.–Amarillo 1947, writ ref'd). Appellant's first and third points are overruled.

▮ In his second point of error, appellant challenges the evidence to support that part of the trial court's order which directs that the appellant pay an arrearage of $2,800.00 in child support. We do have appellate jurisdiction to review that portion of the order confirming the amount of past-due child support payments which is rendered pursuant to Tex.Fam.Code Ann. § 14.41(a) (Vernon Supp.1988) when a suit therefor is joined with a contempt proceeding under Tex.Fam.Code Ann. § 14.31(b)(2)(B) (Vernon Supp.1988), and where the court finds, as it did in this case, that an obligor

has failed or refused to make child support payments that were past due and owing at the time of the filing of the enforcement proceeding, the court *shall* order the obligor to pay the movants reasonable attorney's fees and all court costs ... unless the court makes a specific finding that the attorney's fees and cost need not be paid by the obligor and states the reasons supporting that finding.

Tex.Fam.Code Ann. § 14.33(c) (Vernon Supp.1988) (emphasis added).

In this case, the trial judge rendered a judgment for arrearage in the sum of $2,800.00, but expressly reserved the issue of attorney's fees sought by appellee for future disposition, thereby rendering the judgment interlocutory, nonfinal in character. For that reason we are without appellate jurisdiction to review the arrearage judgment. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966); *Zellers v. Barthel,* 727 S.W.2d 364, 365 (Tex.App.–Fort Worth 1987, no writ).

The appeal is dismissed.