148 S.W.3d 618 (2004)
In the Interest of K.M.B. and D.R.B.
No. 14-03-01090-CV.
Court of Appeals of Texas, Houston (14th Dist.).
October 7, 2004.
Dorothy Denise Goebel, Tomball, Ana Maria Zamarripa, The Woodlands, for appellants.
John B. Worley, Rhonda Amkraut Pressley, Austin, for appellees.
Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

MAJORITY OPINION
KEM THOMPSON FROST, Justice.
This is an appeal from an order reducing a child-support obligation. As a threshold *619 matter, we must decide whether this court has jurisdiction. After reviewing the record, we conclude that the two judgments signed by the trial court are not final and appealable because they do not dispose of the attorney's fees issues. Accordingly, we dismiss this appeal for lack of jurisdiction.

I. FACTUAL AND PROCEDURAL BACKGROUND
Appellant Aaron Braziel and appellee Stephanie Braziel finalized their divorce on November 30, 2000. The final divorce decree gave Aaron the right to establish the primary residence for the couple's two children. Stephanie was ordered to pay $519.75 a month in child support and to reimburse Aaron for the cost of providing health insurance for the children through his employer's insurance plan. The sum of $519.75 a month was based on Stephanie's income of $35,000 a year.
In November of 2001, Stephanie voluntarily left her job with Lone Star Tower Co. She testified that in February of 2002, she began to work as a dancer, making $80 to $200 a day and typically working no more than three days a week. On February 13, 2003, the office of the Attorney General filed a "Motion for Enforcement and Modification of Child Support Order," alleging Stephanie was $3,356.26 in arrears on her child support obligations as of January 27, 2003. The Attorney General's Office asked the court to (1) hold Stephanie in contempt and punish her by fine or jail time, (2) order Stephanie committed to the county jail until she paid the child-support arrearage, reasonable attorney's fees, and court costs, (3) confirm and enter judgment for the child-support arrearage and accrued interest, (4) order payment and income withholding to liquidate the judgment, (5) modify the amount of the payments required by the child-support order and adjust the provisions regarding the children's health insurance, (6) withhold support from disposable earnings, and (7) award reasonable attorney's fees and all other costs of the proceeding.
A hearing on the Attorney General's motion was held before a master on May 22, 2003. The master signed a proposed order finding that Stephanie was $4,374.47 in arrears as of April 30, 2003, and recommended that she pay that sum in installments. The master also recommended reducing the child-support payments to $224.60 a month because the master found such a reduction warranted based on changed circumstances since the entry of the November 2000 divorce decree. On May 23, 2003, Aaron filed a notice of appeal from the master's hearing, objecting to most of the master's findings. On May 28, 2003, the trial court approved and adopted the master's report "as the order of the [c]ourt" (the "May Order").
On August 12, 2003, the trial court held a hearing in response to Aaron's appeal from the master's hearing. The trial court entered an order on that date (the "August Order") in which the trial court found, among other things, that (1) Stephanie was $2,625.43 in arrears on child support obligations as of August 12, 2003; (2) Stephanie had intentionally under-employed herself; and (3) a modification of the child support payments to $335.99 a month was warranted. On September 11, 2003, Aaron filed a notice of appeal contesting the portion of the August Order that reduced Stephanie's monthly child-support obligation.

II. ANALYSIS AND DISCUSSION
To determine whether this court has jurisdiction to consider the matters presented on appeal, we must determine if the order from which this appeal is taken is a final appealable order.
An order that disposes of all claims and parties then before the court is a final *620 appealable order. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex.2001); State ex rel. Latty v. Owens, 907 S.W.2d 484, 485 (Tex.1995) (per curiam).[1] In this case, the trial court's order signed on May 28, 2003, adopted the master's report "as the order of the [c]ourt." In the May Order, the trial court ordered Stephanie committed to the county jail until she paid "$2,000.00 in child support arrearages; [no] attorney's fees; and [no] court costs," thus ruling on the Attorney General's request that the trial court order Stephanie committed to the county jail until she paid the child-support arrearage, reasonable attorney's fees, and court costs. Although not requested by the Attorney General, the trial court suspended this commitment and placed Stephanie on community supervision for sixty months. In listing the conditions of Stephanie's community supervision in the May Order, the master struck from the form order a condition that read "pay attorney fees as ordered herein."[2] No provision of the May Order states that the court grants or denies the Attorney General's claim for attorney's fees. Although the May Order does not require Stephanie, as a condition of community supervision, to "pay attorney fees as ordered herein," this is not surprising because the May Order does not order Stephanie to pay attorney's fees. However, the trial court's failure to order Stephanie to pay attorney's fees does not constitute a denial of the Attorney General's claim in this regard. The trial court may have intended to address the issue of attorney's fees later and then amend the conditions of community supervision accordingly, or the trial court may have intended to address this issue later, but not to make the payment of attorney's fees a condition of community supervision so as to make it easier for Stephanie to satisfy these conditions. In any event, in the absence of language in the May Order ruling on the pending claim for attorney's fees, we conclude that the May Order does not dispose of all issues and is not a final and appealable judgment. See McNally v. Guevara, 52 S.W.3d 195, 196 (Tex.2001); Lehmann, 39 S.W.3d at 192-93.
The dissent asserts that the May Order does rule on the attorney's fees claim based on the section of the May Order entitled, "Suspended Commitment," in which the master struck the requirement to "pay attorney fees as ordered herein" as a condition of Stephanie's community supervision. However, this action by the master indicates only that payment of attorney's fees was not a condition of community supervision, not that the master considered the Attorney General's claim for attorney's fees in the enforcement and modification proceeding and denied it. See Tex. Fam.Code Ann. § 157.211 (Vernon 2002) (stating that terms and conditions of community supervision may include the requirement that respondent pay attorney's fees as ordered by court); id. § 231.211 (stating that trial court may, with certain exceptions, assess attorney's fees against nonprevailing party in proceeding brought *621 by Attorney General as Title IV-D agency). Because the May Order did not dispose of the Attorney General's claim for attorney's fees, this order was not a final and appealable order.
Although this court has held that a trial court's failure to award attorney's fees in a suit affecting the parent-child relationship does not affect the finality of an order, the statute upon which the court was relying has since been changed. See In re J.R., 123 S.W.3d 669, 671-72 (Tex.App.-Houston [14th Dist.] 2003, no pet.). In In re J.R., this court based its decision on the language in the former version of Texas Family Code section 106.002, which stated that attorney's fees in such cases are awarded as costs. See id.; Tex. Fam.Code Ann. § 106.002(a) (Vernon 2002). The statute no longer states that the court may order attorney's fees as costs. See Tex. Fam.Code Ann. § 106.002(a) (Vernon Supp.2004). The phrase "as costs" has been removed, and the statute now reads: "In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses...." Id. Because the new statutory language applies to this case,[3] this court's prior decision in In re J.R. does not apply.
The trial court's August Order presents a different situation. The trial court held a hearing in response to Aaron's appeal from the master's ruling, despite the fact that the trial court already had adopted the recommendations in the master's report on May 28, 2003. At the hearing, Aaron's attorney testified as to his attorney's fees and requested the trial court to award Aaron $1,500 in attorney's fees. Following the testimony, the attorneys and the trial court engaged in a discussion as to whether attorney's fees were allowed under the Texas Family Code in the circumstances of this case. The trial court indicated that it would take the matter under advisement; however, at the conclusion of the hearing, the trial court stated: "And the [c]ourt having taken a moment to read the statute is going to order that there is [sic] no attorney's fees to be paid in this matter and otherwise will approve the judgement [sic] that's been presented today." The written order from the same day does not include this statement from the trial court; rather, in the written order, the trial court expressly reserved ruling on the issue of attorney's fees requested by Aaron and his attorney.[4] The docket sheet indicates that sixteen days later, on August 28, *622 2003, the trial court ordered Stephanie to pay $1,500 in attorney's fees.[5] The trial judge's signature appears immediately below this entry on the docket sheet.
First, we must address the inconsistency between the trial court's oral pronouncement at the hearing and its written order stating that the court reserved ruling on the issue of attorney's fees. A written judgment or order controls over a trial court's oral pronouncement. See, e.g., Ex parte Mathis, 822 S.W.2d 727, 732 (Tex.App.-Tyler 1991, no writ); Gasperson v. Madill Nat'l Bank, 455 S.W.2d 381, 387 (Tex.App.-Fort Worth 1970, writ ref'd n.r.e.). Therefore, the trial court's statement in the August Order that it would reserve ruling on Aaron's claim for attorney's fees controls over the oral pronouncement made at the end of the hearing. As a result, the August Order is not a final appealable order because it does not dispose of the issue of attorney's fees. See McNally, 52 S.W.3d at 196.
Second, the docket-sheet entry did not constitute a signed, written order. See Jauregui Partners, Ltd. v. Grubb & Ellis Commercial Real Estate Servs., 960 S.W.2d 334, 335-36 (Tex.App.-Corpus Christi 1997, pet. denied) (op. on reh'g) (finding notation on trial jacket granting motion for new trial was not a written order); Grant v. American Nat'l Ins. Co., 808 S.W.2d 181, 181-84 (Tex.App.-Houston [14th Dist.] 1991, no writ) (holding docket entry under heading "Orders of Court" with judge's initials beside it did not constitute a final, appealable judgment). Therefore, absent a signed order disposing of the issue of attorney's fees, the trial court did not dispose of all claims, and its judgment is not final. See Pruett v. Pruett, 754 S.W.2d 802, 803 (Tex.App.-Tyler 1988, no pet.) (finding no appellate jurisdiction when trial court rendered judgment for child-support arrearage but expressly reserved issue of attorney's fees). This court has no jurisdiction to entertain an appeal from a judgment that is not final.
Neither the May Order nor the August Order disposes of all issues and parties. Because neither order is a final and appealable judgment, we dismiss this appeal for lack of appellate jurisdiction.
HEDGES, C.J., dissenting.
ADELE HEDGES, Chief Justice, dissenting.
Today the majority concludes that neither the trial court's May 28, 2003 order nor its August 12, 2003 order is a final judgment and consequently dismisses the appeal. I disagree. I would find that (1) the May 28 order is a final judgment and (2) the August 12 order is void. Having so found, I would reverse the judgment of the trial court and dismiss the appeal because appellant did not appeal from the May 28 order. Therefore, I respectfully dissent.
The majority concludes that the May 28 order is not a final judgment because it failed to dispose of the State's claim for attorney's fees. I do not agree. The issue of whether a judicial decree is a final appealable judgment must be determined from its language and the record in the case. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.2001). The language of the May 28 order and the record in the present case both clearly reflect the fact that the trial court denied the State's request for attorney's fees.
*623 First, the language in the trial court's May 28 order reflects that it is a final judgment. After finding Stephanie Braziel in contempt for failure to pay court-ordered child support, the trial court suspended her commitment to the county jail and imposed several listed terms and conditions. The trial court struck the pre-printed form requirement that she "pay attorney's fees as ordered herein." In other words, the punishment imposed upon Stephanie Braziel for contempt does not include the payment of attorney's fees. Thus, although the State's motion for enforcement and modification of child support order sought "reasonable attorney's fees and all other costs of this proceeding," the trial court declined to impose such a term or condition as punishment in its enforcement of the child support order. Accordingly, I am unpersuaded by the majority's conclusion that the trial court failed to dispose of the State's claim for attorney's fees in the May 28 order.[1]
Second, the record in the present case confirms that the May 28 order constitutes a final judgment. If, as the majority concludes, the May 28 order does not dispose of the State's request for attorney's fees, there is great difficulty in reconciling that conclusion with the trial court's August 12 order. In the August 12 order, the trial court did not strike the requirement that Stephanie Braziel "pay attorney's fees as ordered herein," but expressly "reserved ruling on the issue of attorney's fees requested by obligee Aaron Braziel and his attorney Deni Goebel." We should not give the same effect to the trial court's different actions on May 28 and August 12 concerning the payment of attorney's fees.[2] The only way to reconcile the trial court's actions in the two orders is to hold, as I would, that the May 28 striking of the attorney's fees requirement constitutes a denial of the claim, while the August 12 failure to strike the very same requirement constitutes either an award of such fees or, as in the present case, a reservation of the ruling until a later date.
Under Rule 329b(d) of the Texas Rules of Civil Procedure, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled. In the present case, the trial court approved and adopted the master's report in its May 28 order. None of the aforementioned motions appears in the record; all that appears is a document entitled "Notice of Hearing," which apparently pertains to an appeal. Therefore, the trial court's plenary power expired thirty days after the May 28 order was signed unless a Rule 329b(f) procedure (bill of review, nunc pro tunc, etc.) was invoked. In the present case, the record reflects that no such procedure was invoked. Therefore, the trial court's plenary power over this case expired in late June 2003.
Judicial action taken after the court's jurisdiction over a cause has expired is a nullity. State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex.1995). The trial *624 court in the present case thus did not have plenary power over the cause when it issued its August 12 order. The August 12 order is therefore void.
Thus, the only valid order to be considered for purposes of this appeal is the May 28 order, which approved and adopted the master's May 22, 2003 order. But appellant did not file a notice of appeal as to the May 28 order. Consequently, this court is without jurisdiction to consider any appeal of this order, though appellant does not raise any arguments in connection with the May 28 order anyway. See Tex.R.App. P. 25.1(b).
Therefore, I would hold that (1) the trial court's May 28 order constitutes a final judgment and (2) the trial court's August 12 order is void. While the May 28 order is thus an appealable judgment, appellant did not appeal from that order. Accordingly, this court should reverse the judgment of the trial court and dismiss the appeal, leaving intact the trial court's May 28 order.
NOTES
[1] Under Lehmann, a judgment is also final and appealable if the judgment states with unmistakable clarity that it is a final judgment. See Lehmann, 39 S.W.3d at 192-93. The trial court's May 28, 2003 and August 12, 2003, orders do not state with "unmistakable clarity" that they are final judgments.
[2] The order reads as follows under the heading "Suspended Commitment":

The Court suspends the commitment and places STEPHANIE M. BRAZIEL on community supervision for 60 months from the date of this order. As terms and conditions of community supervision, STEPHANIE M. BRAZIEL shall:
...
4. pay attorney fees as ordered herein;
[3] The new version of the statute became effective on September 1, 2003. See Tex. Fam.Code Ann. § 106.002 (Vernon Supp.2004). It applies to a suit affecting the parent-child relationship pending in a trial court on that date or filed on or after that date. See Acts of 2003, 78th Leg., R.S., ch. 478, § 2, 2003 Tex. Gen. Laws, 1744, 1744. Aaron filed his notice of appeal with this court on September 11, 2003, so this case was pending in the trial court on September 1, 2003.
[4] The dissent finds difficulty in reconciling the May Order, in which the master struck the payment of attorney's fees as a condition of community supervision, with the August Order, in which the same line was not struck. First, the orders did not originate in the same manner. The May Order is a proposed order signed by the master and then adopted by the trial court. The August Order is an order directly from the trial court. Second, by making payment of attorney's fees awarded in the August Order a condition of Stephanie's community supervision, the trial court did not rule on the attorney's fees claim because the court did not determine in the August Order whether any fees should be awarded. Rather, the trial court expressly reserved ruling on whether attorney's fees should be awarded to Aaron and his attorney. Further, the August Order is silent as to whether any attorney's fees should be awarded to the Attorney General. As with the May Order, this silence does not constitute a ruling on the attorney's fees claim.
[5] The docket sheet reads: "On 8/12/03 the [c]ourt reserved ruling on the matter of attorneys [sic] fees. After review of 157.167 the court orders Ms. Braziel to pay attorneys [sic] fees in the amount of $1500.00."
[1] I disagree with the majority's statement that the trial court's striking of the attorney's fees requirement "indicates that payment of attorney's fees was not a condition of community supervision, not that no attorney's fees were awarded." If the trial court enforces Stephanie Braziel's child support obligations in this order by punishing her for failure to make timely payments, and the trial court refuses to impose the payment of attorney's fees as a term or condition of that punishment for such failure, how can one say the order does not mean that "no attorney's fees were awarded"?
[2] Essentially, the majority opinion by implication does just that; it finds that both the trial court's May 28 and August 12 orders failed to dispose of the attorney's fees issue.