# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00031-CV

**Karl T. Rivas, Appellant**

**v.**

**Julie Hetherly Rivas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C2005-0760A, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Karl T. Rivas brings this appeal from an order denying a petition for enforcement of a final order for conservatorship of and possession and access to a child. Karl filed a petition for enforcement against his ex-wife, Julie Hetherly Rivas,[1] alleging that Julie violated provisions of their agreed final decree of divorce by removing their children from their Comal County schools and enrolling them in Lampasas County schools. Finding that "there was no violation of the Agreed Final Decree of Divorce as alleged," the district court entered an order denying Karl's petition for enforcement. Karl attempts to appeal from this order. Julie has filed a motion to dismiss the appeal on grounds that we lack subject matter jurisdiction. Because we conclude that we do not have subject matter jurisdiction, we grant Julie's motion and dismiss this appeal.

---

[1] To avoid confusion with the common surname, we will refer to the parties by their first names.

Chapter 157 of the family code allows a party to file a motion for enforcement "to enforce a final order for conservatorship, child support, possession of or access to a child, or other provisions of a final order." Tex. Fam. Code Ann. § 157.001(a) (West 2002). Chapter 157 goes on to provide that "[t]he court may enforce by contempt a final order for possession of and access to a child as provided in this chapter." *Id*. § 157.001(b) (West 2002). Courts of appeals do not have jurisdiction to review by direct appeal an order finding a party not in contempt. *Norman v. Norman*, 692 S.W.2d 655 (Tex. 1985) ("[A]n order finding a party not in contempt is not a final, appealable judgment."); *Pruett v. Pruett*, 754 S.W.2d 802, 803 (Tex. App.—Tyler 1988, no writ). Furthermore, "an order made for the purpose of carrying into effect a prior judgment is not a final judgment and 'cannot be appealed from.'" *Wall St. Deli v. Boston Old Colony Ins.*, 110 S.W.3d 67, 69 (Tex. App.—Eastland 2003, no pet.) (quoting *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956)); *see also N.H. Ins. Co. v. Tobias*, 80 S.W.3d 146, 148 (Tex. App.—Austin 2002, no pet.) (dismissing appeal for want of jurisdiction because order appealed from was neither a final judgment nor an appealable interlocutory judgment).

Because we do not have jurisdiction to review the trial court's order denying Karl's petition for enforcement, we dismiss this appeal for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:  February 15, 2008