Dismissed and Memorandum Opinion
filed October 5, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00563-CV



Robert Zafft, Appellant 

v.

GC Services, L.P.,
Appellee 



On Appeal from
the 165th District Court

Harris County, Texas

Trial Court
Cause No. 2006-28798



 

MEMORANDUM OPINION

Appellant Robert Zafft challenges the summary judgment
order entered in favor of his former employer, appellee GC Services, L.P., in a
breach of contract case.  By motion to dismiss and by a cross-issue presented
in its reply brief, GC Services has challenged this court’s appellate
jurisdiction, asserting that Zafft did not timely perfect his appeal after the
trial court’s entry of a final judgment.  Because we determine that Zafft’s
notice of appeal was not timely, we dismiss the case for want of jurisdiction.

Factual
and Procedural Background

Zafft and GC Services
entered into a written letter agreement by which Zafft would serve as General
Counsel and Vice President, Global Strategy for a period of one year beginning
February 1, 2004 through February 1, 2005.  The relevant terms of the agreement
are set forth below:

·       
GC Services will guarantee Zafft’s employment until February 1,
2005, “excepting termination for material intentional wrongdoing or fraud.”

·       
Zafft’s annual base compensation “shall not be less than
$275,000.”

·       
Zafft “will be eligible for an annual performance bonus, subject
to statutory deductions and payable as follows.  The annual performance bonus
for [Zafft’s] services in 2004 shall not be less than $90,000.  The performance
bonus shall accrue ratably over the course of [Zafft’s] employment in 2004. 
For 2004 and each subsequent year, the bonus shall be payable on or before
March 31 of the following year unless [Zafft has] voluntarily quit employment
before that date.”

·       
Zafft “will be entitled to such benefits and equipment as the
Company generally provides to its other executive officers, including, without
limitation:  (i) an annual automobile allowance of at least $7,000, payable
ratably with [Zafft’s] annual base compensation; (ii) employer matching of
401(k) contributions in accordance with the plan (currently not less than four
percent of annual base compensation); (iii) participation in the executive
deferred compensation plan as it may exist from time to time; (iv)
participation in the group medical, dental, life, and disability insurance
plans; (v) exclusive use of a laptop computer; (vi) exclusive use of a mobile
telephone with international roaming.”  (Zafft refers to this section of the agreement
as “Paragraph 5.”)

By letter to Zafft dated February 27, 2004, GC
Services indicated that it was “in its best interest to terminate” Zafft’s
employment.  In this letter, GC Services notified Zafft that his benefits with
GC Services would cease immediately and that Zafft would continue to receive a
salary for the duration of the agreement.  GC Services indicated, “Your bonus
will be paid when due in 2005.”  The parties do not dispute that GC Services
continued to pay Zafft his base salary as specified in the Agreement until
February 1, 2005, the expiration of Zafft’s employment under the agreement.  It
is also undisputed that GC Services paid Zafft $7,500 as a bonus for 2004.

Zafft alleged a single cause of action for breach of
contract and a conditional claim for attorney’s fees in the event he prevailed
in his breach of contract claim.  In his live petition, Zafft claimed that GC
Services breached the agreement by terminating him before February 1, 2005, and
in failing to pay him all sums entitled to him under the agreement.  Zafft
sought damages under the agreement, including the full amount of the 2004
bonus, the pro-rated portion of the 2005 bonus for the duration of the agreement,
and all compensation due under the agreement such as the benefits promised to
him in Paragraph 5.[1]

After several denied motions for summary judgment
filed by both parties, on October 27, 2008, the trial court entered an order
(hereinafter the “October Order”) granting GC Services’s renewed motion for
summary judgment in its entirety and denying Zafft’s renewed motion for summary
judgment in its entirety.  Although the record reflects that a hearing on the
motions was scheduled, there is no transcript of any hearing in our record. 
The face of the order reflects that the words “Final Judgment” were crossed
through, and the words “Order on Summary Judgments” were handwritten at the top
of the order.  After considering the motions,[2]
supplements, and any opposition to the motions, the trial court found that
“Plaintiff is not entitled to any bonus for 2004 beyond that for the time
Plaintiff worked for Defendant in 2004, which Plaintiff confesses Defendant has
already paid and that Plaintiff is not entitled to any other benefits,
including payment for his health care insurance, after the date of Plaintiff’s
last day of work with Defendant.”  Additionally, the face of the order reflects
that the following sentences were crossed through:

·       
“It is further ORDERED that Plaintiff take nothing by his claims
and causes of action against Defendant.”

·       
“This is a final judgment and is appealable.”

·       
“All costs of Court are taxed against Plaintiff.”

On May 21, 2009, Zafft filed a notice of nonsuit
without prejudice for “any claims raised by the current petition that were not
addressed” in the trial court’s order dated October 27, 2008, noting “[i]t
remains unclear whether, following the Order on Summary Judgments, any claim remains
pending in this case.”  In response, GC Services moved to strike Zafft’s notice
of nonsuit, alleging that the trial court’s October Order, disposed of all
claims and causes of action and that the trial court lost plenary power over
the suit once thirty days had passed after entry of the trial court’s October
27, 2008 order.

On May 22, 2009, the trial court entered an order of nonsuit
without prejudice, for “any claims remaining in [Zafft’s] pleading as of the
entry of the Order on Summary Judgments.”  In reference to the claims covered
by the October Order, the trial court entered a final, take-nothing judgment in
favor of GC Services and against Zafft, taxing costs against the party
incurring the same.  This appeal ensued.

Analysis

Is GC Services’s motion to
dismiss dispositive of the issues on appeal?

By cross-issue and by motion to dismiss, GC Services
challenges this court’s appellate jurisdiction by asserting that Zafft did not
timely perfect his appeal within thirty days of the trial court’s October
Order.  In response, Zafft claims that the trial court’s order on summary
judgment was not a final order.  If the present case is an appeal over which
this court has no jurisdiction, then the appeal must be dismissed.  See
Nguyen v. Woodley, 273 S.W.3d 891, 896 (Tex. App.—Houston [14th Dist.]
2008, no pet.).

1.         Is the trial court’s October 27, 2008
order a final, appealable judgment?

As a general rule, an appeal may be taken only from a
final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195, 205 (Tex.
2001).  A judgment that issues without a conventional trial is final only if it
either actually disposes of all claims and parties before the trial court or it
states with unmistakable clarity that it is a final judgment.  See id. at
200.  In this case, the face of the trial court’s October Order shows
that the words “Final Judgment” were crossed through, and the words “Order on
Summary Judgments” were handwritten at the top of the order.  All other
references to the finality of the order, including “take nothing” language,
reference to an appealable judgment, and assessment of costs, are crossed
through.  Therefore, the trial court’s order does not state with unmistakable
clarity that it is a final, appealable judgment.  See In re K.M.B., 148
S.W.3d 618, 620 n.1 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  

We next determine whether the order is final as
disposing of all claims and parties.  See Lehmann, 39 S.W.3d at 191. 
Although a final judgment is not required to be in any particular form, whether
a judicial decree is a final judgment for purposes of appeal must be determined
from the language of the decree and the record in the case.  See id. at
195.  A judgment that actually disposes of all remaining parties and claims
pending in a case, based on the record in the case, is final regardless of its
language.  See id. at 200, 204.  

At the time the trial court granted GC Services’s
renewed motion for summary judgment, Zafft’s live petition alleged a single
cause of action for breach of contract and a conditional claim for attorney’s
fees in the event he was successful in his breach of contract claim.  According
to Zafft, GC Services breached the agreement by terminating his employment
before February 1, 2005, and by failing to pay all sums to which Zafft was
entitled.  However, the only damages Zafft sought in his live petition were the
full bonus for 2004, a pro-rated bonus for 2005, and “all compensation due
under the terms of his contract,” specifically referring to the benefits under
Paragraph 5.  GC Services alleged no counterclaims against Zafft.

The trial court granted GC Services’s motion and
denied Zafft’s motion, disposing of Zafft’s sole cause of action.  The trial
court found that Zafft is not entitled to any bonus beyond the time Zafft
worked for GC Services in 2004.  The trial court’s order also recited that
Zafft “is not entitled to any other benefits,” including payment for his
health care insurance, after the date of Zafft’s last day of work with GC
Services.  The bonus and the benefits under Paragraph 5 were the only damages
Zafft sought in his live petition and alleged in his motion.

On appeal, as support for his argument that the
October Order is not final, Zafft claims that the trial court’s order did not
address or resolve his claim that GC Services breached the agreement by
terminating him before the expiration of the agreement’s one-year term and did
not resolve his claim for equipment, such as a computer or cellular phone
reimbursement, under Paragraph 5.  However, the October Order granted GC
Services’s motion in its entirety and denied Zafft’s motion in its entirety on
his sole breach of contract claim and found that Zafft was not entitled to any
of the damages Zafft pleaded in his live petition.  Zafft’s live petition only
alleged damages pertaining to the bonus and benefits under the agreement, which
the trial court resolved; Zafft did not claim any other damages.[3] 
Furthermore, Zafft’s live petition did not distinguish his claim for “all
compensation, including the benefits promised under ¶ 5 of the contract” as a
separate claim for equipment under Paragraph 5.

Zafft points to a docket notation indicating the
trial court’s intent to make the October Order an interlocutory order.  The
finality of an order or judgment is determined from the language of the decree
and the record in the case.  Id. at 195.  A docket notation does not
constitute a signed, written order by which to determine finality.  See In
re K.M.B., 148 S.W.3d at 622 (providing that a notation in a docket does
not affect a determination as to whether a decree is final); Grant v. Am.
Nat’l Ins. Co., 808 S.W.2d 181, 181–84 (Tex. App.—Houston [14th Dist.]
1991, no writ) (holding docket entry with judge’s initials did not constitute a
final, appealable judgment).  

Similarly, Zafft points to the language on the face
of the order that has been crossed through as supporting his argument that the
order is not a final order.  Whether any language purporting to deny all relief
not granted is included in an order or judgment is not indicative of finality. 
See Lehmann, 39 S.W.3d at 204 (referring to such language as Mother
Hubbard language that is used frequently in interlocutory orders).  Rather, an
order that grants a motion for partial summary judgment is final if it actually
disposes of the only remaining issues and parties in a case even if the order
does not contain language referring to its finality and even if the language
indicates the order is not final.  Id.  As in this case, based on
Zafft’s single alleged cause of action for breach of contract and the language
in the trial court’s October Order, the October Order disposed of all claims
for which Zafft sought damages.[4] 
See id.  Therefore, the trial court’s order was a final,
appealable judgment because it disposed of all parties and all pending claims
before the trial court.

2.         Did Zafft timely perfect the appeal
from the trial court’s final judgment?

A party’s ability to timely perfect an appeal or file
certain post-judgment motions and requests depends on whether a judgment is
final.  See id. at 195.  Because we have determined that the trial
court’s order on October 27, 2008, was a final, appealable order, we next
consider whether Zafft timely perfected his appeal.  “A party who is uncertain
whether a judgment is final must err on the side of appealing or risk losing
the right to appeal.”  Id. at 196.  Zafft’s notice of nonsuit, filed
seven months after the October Order, indicated that he was unsure whether any
further claims remained after entry of the trial court’s October Order.

A trial court retains jurisdiction over a case for a
minimum of thirty days after it signs a final judgment or order, during which
time the trial court has plenary power to change its judgment.  See Tex. R. Civ. P. 329b(d); Lane Bank
Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000). 
Certain post-judgment motions may be filed within this thirty-day period to
extend the trial court’s plenary jurisdiction.  See Tex. R. Civ. P. 329b(c), (e), (g); Lane
Bank Equip. Co., 10 S.W.3d at 310.  The trial court signed the October
Order on October 27, 2008, which this court has determined is a final
judgment.  It is undisputed that Zafft filed no motions that would extend a
deadline by which to appeal.  Therefore, the trial court’s plenary power
expired thirty days after the October Order was entered.  See Tex. R. Civ. P. 329b(d); Nguyen,
273 S.W.3d at 896.  Consequently, the trial court lacked jurisdiction on May
22, 2009, when it granted Zafft’s notice of nonsuit.  

We conclude that the trial court’s October Order was
the final, appealable order from which Zafft did not timely appeal.  See
Tex. R. Civ. P. 25.1 (providing
that a notice of appeal generally must be filed within thirty days after a
judgment is signed).  Accordingly, this court lacks appellate jurisdiction to
review the merits of Zafft’s appellate claims.  We sustain GC Services’s
cross-issue and motion and dismiss for want of jurisdiction.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

Panel consists of Justices Yates, Anderson, and Seymore.









[1]
It is undisputed that Zafft continued to draw his salary under the agreement
after his termination.





[2]
The parties’ motions each incorporated by reference prior summary judgment
motions, responses, and replies.  GC Services’s prior summary judgment motion
was a traditional and no-evidence motion.





[3]
To prevail on a summary judgment motion for a breach of contract claim, the
following elements must be proven as a matter of law: a valid contract existed,
plaintiff performed under the contract, breach of the contract by the
defendant, and plaintiff incurred damages resulting from the breach.  See
Haden v. David J. Sacks, P.C., — S.W.3d —,—, No. 01-01-00200-CV, 2009 WL
1270372, at *13 (Tex. App.—Houston [1st Dist.] May 7, 2009, pet. denied) (op.
on remand) (holding that summary judgment was proper when a party offered no
summary judgment evidence of damages in support of its counterclaims).





[4]
On this basis, Zafft’s conditional claim for attorney’s fees became moot.  See
Haden, 2009 WL 1270372, at *13 (providing that to recover attorney’s fees
on a breach of contract claim, the party must prevail on the breach of contract
claim and recover damages); see, e.g., Jones v. Rabson & Broocks,
L.L.C., No. 01-01-01210-CV, 2003 WL 302439, at *5 (Tex. App.—Houston [1st
Dist.] Feb. 13, 2003, no pet.) (mem. op.) (concluding claim for attorney’s fees
was moot once the other issues were resolved).