ACCEPTED
03-15-00051-CV
7521886
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/23/2015 3:32:28 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00051-CV

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/23/2015 3:32:28 PM
JEFFREY D. KYLE
Clerk

TRENT LINDIG,

*Appellant,*

V.

PLEASANT HILL ROCKY COMMUNITY CLUB,

*Appellee.*

ON APPEAL FROM THE 33RD DISTRICT COURT, BLANCO COUNTY, TEXAS
HONORABLE J. ALLAN GARRETT PRESIDING
CAUSE NO. CV07580

## APPELLANT'S MOTION FOR REHEARING

HOUSTON DUNN, PLLC
Samuel V. Houston, III
State Bar No. 24041135
4040 Broadway, Suite 440
San Antonio, Texas 78209
(210) 775-0882 – Telephone
(210) 826-0075 – Fax
sam@hdappeals.com

ZACHARY P. HUDLER, P.C.
Zachary P. Hudler
State Bar No. 24032318
100 E. Pecan Street, Suite One
Johnson City, Texas 78636
(830) 868-7651 – Telephone
(830) 868-7636 – Fax
zachary@hudlerlaw.com

**ATTORNEYS FOR APPELLANT**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.....................................................................................i

TABLE OF AUTHORITIES ..............................................................................ii

ARGUMENT..................................................................................................... 1

    I.    The Panel Did Not Follow the Well-Established Rules for Construing a Deed. ................................................................. 1

        A.    In construing the 1927 Deed's reverter clause, the panel failed to give effect to all of the words contained in it. ............................................................................2

        B.    A House cannot be a School House if there is no school. ................................................................................3

        C.    The cases discussed in the panel's opinion do not support its conclusion. ..................................................... 4

    II.    The Panel Should Issue a Substitute Opinion That Makes Clear It Is Not Holding That Appellee Has Clear Title to the Property That Is the Subject of the Parties' Dispute. ................. 6

    III.    Conclusion and Prayer.............................................................. 9

CERTIFICATE OF COMPLIANCE............................................................... 10

CERTIFICATE OF SERVICE.........................................................................11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Glen Rose Collegiate Instit. v. Glen Rose Indep. Sch. Dist. No. 1,*
125 S.W.379 (Tex. Civ. App.—Fort Worth 1910, writ ref'd) .................. 5, 6

*Gore Oil Co. v. Roosth,*
158 S.W.3d 596 (Tex. App.—Eastland 2005, no pet.).............................. 3

*Graham v. Prochaska,*
429 S.W.3d 650 (Tex. App.—San Antonio 2013, pet. denied) .................. 3

*Hausser v. Cuellar,*
345 S.W.3d 462 (Tex. App.—San Antonio 2011, pet. denied) (en banc).... 1

*In re K.M.B.,*
148 S.W.3d 618 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ............ 8

*Lindig v. Pleasant Hill Rocky Community Club,*
No. 03-15-00051-CV, 2015 WL 5096847
(Tex. App.—Austin Aug. 28, 2015, no pet. h.) (mem. op.) ................. 3, 4, 7

*Luckel v. White,* 819 S.W.2d 459 (Tex. 1991) ............................................... 1

*Pitts* v. *Camp County,* 39 S.W.2d 608 (Tex. 1931) .................................. 4, 5

*Stewart v. Blain,* 159 S.W. 928 (Tex. Civ. App.—Galveston 1913, no writ)... 3

*Winegar v. Martin,*
304 S.W.3d 661 (Tex. App.—Fort Worth 2010, no pet.) .......................... 2

**OTHER AUTHORITY**

BLACK'S LAW DICTIONARY 1346 (7th ed. 1999) ............................................... 2

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant Trent Lindig respectfully presents this motion for rehearing requesting that the panel issue a new opinion and judgment reversing the trial court's order on his Rule 248 motion.

## ARGUMENT

### I. The Panel Did Not Follow the Well-Established Rules for Construing a Deed.

In construing a deed, the Court's primary duty "is to ascertain the intent of the parties from all of the language in the deed by a fundamental rule of construction known as the 'four corners' rule." *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). The Court "must assume the parties to the instrument intended every clause to have some effect; therefore, the language of the deed should be interpreted so that no provision is rendered meaningless." *Hausser v. Cuellar*, 345 S.W.3d 462, 466 (Tex. App.—San Antonio 2011, pet. denied) (en banc). "*Each word* and phrase should be given its plain, grammatical meaning unless doing so would clearly defeat the parties' intent." *Id.* (emphasis added); *see also Winegar v. Martin*, 304 S.W.3d 661, 665 (Tex. App.—Fort Worth 2010, no pet.) (explaining that "*every word*, clause, and part that is pertinent" must be considered in construing a deed) (emphasis added).

1

## A. In construing the 1927 Deed's reverter clause, the panel failed to give effect to all of the words contained in it.

The panel failed to give any consideration to the fact that the term "House," as set forth in the reverter clause, is modified by the term "School." In that connection, the reverter clause provides the following:

> [I]n case the said **School** House or any other house which may be built and used for a **School** house is removed from said land herein described then the said above described land shall revert back to me, my heirs, assigns or legal representatives.

CR 96 (emphasis added). The uncontroverted evidence showed that there had been no school[1] operating on the property since the early 1950s. CR 102, 110, 116, 132, 253, 458. Further, a subsequent deed from 1952 confirms that by its effective date the property "formerly used for school purposes but now no longer [is] so used." CR 381.

In the face of the deed's language and undisputed facts, appellee argued that the reverter clause could not have been triggered unless a structure that had been on the property in 1927 had been removed. In other words, so long as some "House" remained on the land, there could be no reversion. The panel agreed. *Lindig v. Pleasant Hill Rocky Community Club*, No. 03-15-00051-CV, 2015 WL 5096847, at *3 (Tex. App.—Austin Aug. 28, 2015, no pet. h.) (mem. op.) (agreeing that the "school house has not been removed").

Courts are barred from ignoring or disregarding language in a deed. *E.g.*, *Graham v. Prochaska*, 429 S.W.3d 650, 661 (Tex. App.—San Antonio 2013,

---

[1] A school is defined as "[a]n institution of learning and education, esp. for children." BLACK'S LAW DICTIONARY 1346 (7th ed. 1999).

pet. denied); *Gore Oil Co. v. Roosth*, 158 S.W.3d 596, 600 n.4 (Tex. App.—Eastland 2005, no pet.). But in order to reach the result advocated by appellee, the word "School" must be disregarded. This results in an impermissible judicial revision of the deed:

> [I]n case the said House or any other house which may be built and used for a house is removed from said land herein described then the said above described land shall revert back to me, my heirs, assigns or legal representatives.

*See* CR 96.

## B.     A House cannot be a School House if there is no school.

Given the language in the deed and applying the rules of construction, the relevant question is whether a "School House" exists if there is, in fact, no school? The answer must be "no." Indeed, the panel summarily rejects the only opinion addressing similar language in a reverter clause. The Court in *Stewart v. Blain*, 159 S.W. 928, 931 (Tex. Civ. App.—Galveston 1913, no writ), concluded that there could not be a school house without a school. *Id.* ("The building may be there yet, but it is not a schoolhouse.").

The panel was required to consider the property's use in determining whether the reverter clause had been triggered. But, once again, the panel failed to give effect to the entire reverter clause. Had the panel given effect to the latter half of the reverter clause, it should have concluded that the grantor was tying the reverter to the property's use as a school. Otherwise, if use was not to be considered, then the deed would not provide for a reverter if "any

3

other house which may be built and ***used*** for a School house is removed from said land." *See* CR 96 (emphasis added). The panel erred by not considering the entirety of the reverter clause.

## C. The cases discussed in the panel's opinion do not support its conclusion.

In the face of the plain language in the 1927 Deed and *Stewart*, the panel singles out *Pitts* v. *Camp County*, 39 S.W.2d 608 (Tex. 1931), as a "similar case" that may be cited in support of the trial court's order. *Lindig*, 2015 WL 5096847, at *4. But *Pitts* does not address a reverter clause with similar language to that presented in this appeal, and, therefore, it cannot inform or otherwise support the panel's construction of the 1927 Deed.

While *Pitts* does involve a reverter clause, the language at issue discussed a reverter in the event that the county seat for Camp County moved out of the town of Pittsburg, Texas. *See* 39 S.W.2d at 610 ("'[T]he condition of this conveyance is such that if the county seat should be hereafter removed to any place in the said county, then . . . the property herein conveyed shall revert."). Analyzing the phrase "county seat" within the context of the deed at issue, the Court concluded that this phrase referred to "the territory which comprised at the time the town of Pittsburg." *Id.* at 616. The court concluded that the reverter clause had not been triggered because, at the time that the case went to trial, it was undisputed that the county seat still remained within Pittsburg's town limits. *Id.* at 616-17.

4

If anything, *Pitts* can be read to support this motion for rehearing. The court, in construing the deed and its reverter clause, analyzed the phrase "county seat" to determine its meaning. 39 S.W.2d at 615-16. In this connection, the panel should have construed "School House" when analyzing whether the reverter had been triggered. As is set forth above, a House cannot be a School House without a school.

The panel also discusses at length an earlier opinion that is cited and discussed in *Pitts. See Glen Rose Collegiate Instit. v. Glen Rose Indep. Sch. Dist. No. 1*, 125 S.W.379 (Tex. Civ. App.—Fort Worth 1910, writ ref'd). But this opinion, too, has no application to the reverter clause presented in this appeal.

A reverter clause was addressed in *Glen Rose*, but it is not at all similar to the clause at issue in this appeal and it was not the subject of the parties' principal dispute. The clause at issue had two conditions that would have triggered a reverter: (1) the grantee's failure to incorporate a college to be known as the Glen Rose Collegiate Institute, and (2) the grantee's failure to provide a free principal in the college for five years following the acceptance of a building for the institute. *Id.* at 382. The parties agreed that the conditions had been met. *Id.* Sometime after those conditions had been satisfied, the institute ceased operations. *Id.*

Although the express conditions had been met, the plaintiffs claimed that the deed contained an implied reverter that could be triggered if the defendants failed to "'perpetually maintain said Glen Rose Collegiate Institute

5

on said grounds.'" *Id.* The court rejected that construction, reasoning that there could be no reversion because this quoted provision was not contained within the deed's reverter clause. Instead, the Court concluded that this phrase was only "a covenant which, by compliance therewith, secures the grantor's warranty of the title." *Id.*

Neither of these foregoing opinions resolves the principal issue addressed in this case: whether there can be a "School House" if there is no school. Indeed, casting further doubt upon the application of these cases is the fact that neither was cited nor discussed by the appellee in its brief. Accordingly, this motion for rehearing should be granted.

II. **The Panel Should Issue a Substitute Opinion That Makes Clear It Is Not Holding That Appellee Has Clear Title to the Property That Is the Subject of the Parties' Dispute.**

Trent's Rule 248 Motion addressed the reverter clause found in the 1927 Deed and whether it had been triggered. CR 460. As part of the trial court's consideration of the Rule 248 Motion, the parties were permitted to re-urge their respective motions for summary judgment "on the legal issue of reverter and the interpretation of the 1927 deed." 4 RR 5.

The resulting order denying Trent the relief requested in the Rule 248 Motion makes clear that the trial court was only construing the 1927 Deed to determine whether the reverter clause had been triggered. CR 475. In particular, the order provides the following:

6

It is, therefore, ORDERED and DECLARED that the above-referenced 1927 Deed is unambiguous and no reversion has occurred under the terms of that deed.

CR 475.

On appeal, the parties likewise agreed that the issue was whether the reverter clause had been triggered. The parties' respective Statement of the Issues presented are not identical, but they both are focused upon whether the reverter clause in the 1927 Deed had been triggered. *See* Br. of Appellant vii; Br. of Appellee 1. The briefing confirms the same.

Despite the narrow focus of this interlocutory appeal, the panel's opinion includes a statement that could suggest that the appellee's claim to the disputed property has also been resolved. In that connection, the opinion recites the following: "After a hearing, the court found that the Club has current title to the subject property because the circumstances that would trigger the reverter clause have not occurred." *Lindig*, 2015 WL 5096847, at *1. As is made clear by the discussion above, however, the resulting order confirms that the trial court was only determining whether the reverter clause had been triggered in Trent's favor.[2]

Irrespective of the panel's conclusion that the reverter clause had not been triggered, the appellee's ability to claim ownership of the property

---

[2] Trent is aware of authority holding that "[a] written judgment or order controls over a trial court's oral pronouncement." *See In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Nonetheless, Trent raises this issue out of an abundance of caution and does not want to prejudice any of his alternate claims when, and if, this matter returns to the trial court.

remains hotly contested in the trial court. As was addressed in Trent's appellant's brief, after the 1927 Deed, the next deed that occurs in the property's chain of title is from 1952. Br. of Appellant 2. In that deed, the Blanco County Board of School Trustees purports to convey the property to the Pleasant Hill Improvement Association. Br. of Appellant 2 & n.2, 3 (discussing CR 381-82). The appellee in the appeal, however, is the Pleasant Hill Rocky Community Club.

Trent has questioned whether the Pleasant Hill Rocky Community Club is a successor in interest to the Pleasant Hill Improvement Association and able to claim an ownership interest by virtue of the 1952 Deed under a number of different theories. *See* Brief of Appellant 4 (citing CR 351 and CR 118). In that connection, Trent has challenged appellee's standing by a separate plea to the jurisdiction. *See* CR 349, 351; *see also* CR 445.

Finally, even if appellee can establish an ownership interest through the 1952 Deed, Trent has also asserted an alternative claim for adverse possession. CR 441.

Given the foregoing, Trent asks the panel to clarify its opinion to explain that it is not determining whether appellee has title to the property. A clarification will prevent the possibility of future confusion—either in the trial court or in any future appeal—as to the legal issues resolved by the opinion.

## III. Conclusion and Prayer.

The panel should reconsider its opinion and judgment affirming the trial court's order. Properly applying the rules for deed construction, the panel should give effect to all words in the reverter clause. The panel must address the fact that the word "School" modifies the word "House." By doing so, it should conclude that the reverter clause was triggered because a House cannot be a School House if there is no school. Finally, at the very least, the panel should issue a corrected opinion to clarify that the only issue resolved in the opinion concerns the reverter clause in the 1927 Deed.

WHEREFORE, PREMISES CONSIDERED, Appellant Trent Lindig respectfully prays that the panel grant this motion for rehearing, withdraw the opinion and judgment of August 28, 2015, and issue a new opinion and judgment reversing the trial court's order denying Appellant's Rule 248 Motion. Appellant also prays for a new or substituted opinion that clearly states that the only issue being addressed is the reverter clause in the 1927 deed. Finally, Appellant prays for other and further relief to which he may be justly and equitably entitled.

Respectfully submitted,

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III
State Bar No. 24041135
HOUSTON DUNN, PLLC
4040 Broadway, Suite 440
San Antonio, Texas 78209
Telephone: (210) 775-0882
Fax: (210) 826-0075
sam@hdappeals.com

Zachary P. Hudler
State Bar No. 24032318
ZACHARY P. HUDLER, P.C.
100 E. Pecan Street, Suite One
Johnson City, Texas 78636
Telephone: (830) 868-7651
Fax: (830) 868-7636
zachary@hudlerlaw.com

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the foregoing computer-generated motion for rehearing contains 2,246 words.

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Appellate Procedure on the 23rd day of October, 2015, to the following:

Jeff D. Small                                             *Via email/e-service*
LAW OFFICE OF JEFF SMALL
12451 Starcrest Dr. #100
San Antonio, Texas 78216
jdslaw1951@gmail.com


Norman L. Nevins                                      *Via email/e-service*
THE NEVINS LAW FIRM
206 West Main Street
Fredericksburg, Texas 78624
nnevinslaw@yahoo.com


           /s/ Samuel V. Houston, III
           SAMUEL V. HOUSTON, III