**Affirmed and Memorandum Opinion filed June 16, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00293-CV

## TEXAS HEALTH AND HUMAN SERVICES COMMISSION, Appellant

## V.

## KLAZZY KIDZ PRE SCHOOL AND CHILD CARE, LLC, Appellee

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2021-22576**

## M E M O R A N D U M   O P I N I O N

Appellant Texas Health and Human Services Commission (the "Commission") appeals the trial court's temporary injunction granted in favor of appellee Klazzy Kidz Pre School and Child Care, LLC ("Klazzy Kidz"). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). For the reasons below, we affirm.

### BACKGROUND

Klazzy Kidz is a daycare located in Pasadena, Texas. In October 2020, the

Commission placed Klazzy Kidz on probation for failing to comply with the minimum standards for childcare. *See* 26 Tex. Admin. Code Ann. chap. 746 (Tex. Dep't of Health & Human Servs., Minimum Standards for Child-Care Centers). Approximately six months later, the Commission revoked Klazzy Kidz's child-care permit after concluding that the facility "was not meeting the conditions of the corrective action." *See id*. § 745.8654 (Tex. Dep't of Health & Human Servs., Revocation of a Child-Care Permit).

Shortly thereafter, Klazzy Kidz filed an "Original Petition for Injunctive Relief and Application for Emergency Temporary Injunction." Klazzy Kidz requested the trial court enjoin the Commission from closing Klazzy Kidz's facility. The trial court held a hearing on Klazzy Kidz's application and signed an order denying the requested relief.

Several days later, the trial court held a second hearing on Klazzy Kidz's application for injunctive relief. On May 12, 2021, the trial court signed an order granting a temporary injunction and permitting Klazzy Kidz to resume its child-care operations. The Commission filed an interlocutory appeal challenging the temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4).

## ANALYSIS

The Commission raises two issues in its appellate brief and asserts that (1) the trial court's order granting injunctive relief does not comply with Texas Rules of Civil Procedure 683 and 684, and (2) the trial court misinterpreted the applicable law in granting the requested relief. Klazzy Kidz did not file an appellee's brief in response.

Several months after the filing of its brief, the Commission filed a letter with this court stating that "the trial court supplemented its order for [a] temporary

2

injunction to address the issues raised in 'Issue A' of Appellant's Brief." According to the Commission, this supplemental order "renders moot" the first issue raised in the Commission's brief. Therefore, we address only the Commission's second issue raised in this appeal. *See* Tex. R. App. P. 47.1.

When the Commission suspends or revokes a child-care facility's permit, Texas Human Resources Code section 42.072(e) prescribes when a trial court may grant injunctive relief:

> A person who has been notified by the commission that the facility or home may not operate under this section may seek injunctive relief from a district court in Travis County or in the county in which the facility or home is located to allow operation during the pendency of an appeal. ***The court may grant injunctive relief against the commission's action only if the court finds that the child-care operation does not pose a health or safety risk to children***.

Tex. Hum. Res. Code Ann. § 42.072(e) (emphasis added). Arguing that the trial court failed to apply this legal standard, the Commission points to the following statement made by the court at the second hearing on Klazzy Kidz's application for a temporary injunction:

> [T]he statute that's been cited has risk. I don't know that I can interpret that statute as no risk. I'm not sure that anybody can really meet that standard. I'm contemplating that what the legislature wants by the statute is for [the Commission] to be focused on eliminating deficiencies that are in the high-risk category and any other deficiencies that they consider critical for the facility to meet while they're under review for their permit.

This statement, the Commission asserts, shows that "the trial court misapplied Texas Human Resources Code § 42.072(e) when it held that the determination of no risk to the children meant determining only whether high-risk deficiencies had been found." The Commission does not otherwise challenge the issuance of the injunction.

In its order granting Klazzy Kidz's application for a temporary injunction, the trial court stated as follows:

> The court finds that the child-care operation does not pose a health or safety risk to children based on the corrective actions taken by [Klazzy Kidz] to date.

This finding tracks the language and satisfies the requirement of Human Resources Code section 42.072(e). *See, e.g.*, *Tex. Dep't of Family & Protective Servs. v. Brilliant Starts Learning Acad., L.L.C.*, No. 03-15-00363-CV, 2015 WL 8593529, at *2 (Tex. App.—Austin Dec. 11, 2015, no pet.) (mem. op.) (concluding that similar language in the trial court's order satisfied the showing required by section 42.072(e)).

Assuming without deciding that the Commission's complaint regarding the trial court's oral statement is valid, when there is an inconsistency between a written judgment and an oral pronouncement of judgment, the written judgment controls. *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also In re K.K.N.*, No. 14-18-00079-CV, 2018 WL 3118633, at *4 (Tex. App.—Houston [14th Dist.] June 26, 2018, no pet.) (mem. op.).

Here, according to its written order, the trial court made the legal finding required by section 42.072(e). *See* Tex. Hum. Res. Code Ann. § 42.072(e). The trial court's written finding on this issue controls over the purportedly inconsistent oral pronouncement made at the hearing on Klazzy Kidz's application for a temporary injunction. *See In re K.M.B.*, 148 S.W.3d at 622; *see also In re K.N.N.*, 2018 WL 3118633, at *4. Therefore, contrary to the Commission's contention, the trial court did not misapply section 42.072(e)'s legal standard.

We overrule the Commission's second issue.

## CONCLUSION

We affirm the trial court's May 21, 2021 order granting injunctive relief.


/s/     Meagan Hassan
Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.

5